IN RE the MARRIAGE OF: Joyce N. MATHEWSON, Petitioner-Respondent,

v.

Leroy D. MATHEWSON, Appellant.

Court of Appeals

*No. 85–1592. Submitted on briefs October 17, 1986.——Decided December 4, 1986.*

(Also reported in 400 N.W.2d 485.)

For the appellant the cause was submitted on the brief of *Frank X. Kinast* of Beloit.

For the petitioner-respondent the cause was submitted on the brief of *William T. Henderson* and *Collins & Henderson* of Beloit.

Before Gartzke, P.J., Eich, and Sundby, JJ.

SUNDBY, J.   Leroy Mathewson appeals from an order entered July 26, 1985, construing, amending and enforcing the property division provisions of a judgment of August 5, 1982, by which he and Joyce Mathewson were divorced. We conclude that the trial court abused its discretion in amending the judgment pursuant to sec. 806.07(1)(h), Stats; that the court erred in failing to divide between the parties the expenses of sale of a part of the parties' real property; and that the court erred in failing to determine whether Leroy was entitled to an interest credit. We therefore reverse and remand for further proceedings.

A stipulation dividing the parties' property, incorporated in the judgment, provided:

> The real property of the parties shall be sold. From the proceeds of the sale, the Respondent is owed the sum of $18,390.33 before the net proceeds are divided. After the subtraction of the costs of the sale and the above-described sum, the net proceeds of the sale shall be divided equally between the parties. The interest and interest rate, if any, owed on the sum due to the Respondent shall be determined by the court. The parties shall cooperate in the listing and sale of the real estate owned by them. In the event that an offer to purchase is made which is accepted

413

by one of the parties and rejected by the other, the party rejecting the offer shall be obliged to purchase the share of the party who wishes to accept the offer. The purchase price shall be one-half of the amount of the said offer to purchase. . . .

Sale of part of the real estate (woodland) netted $1,628.72. Joyce accepted but Leroy refused an offer to purchase other real estate of the parties known as the Shopiere Road property. He offered to purchase the property on the same terms as the offer to purchase. They could not agree as to who was to pay certain expenses of sale and what effect these two sales would have on their financial obligations to each other. Joyce was also dissatisfied with that part of the judgment which requires her to pay interest to Leroy. Accordingly, she moved the court to resolve these differences and dissatisfactions.

The court denied Joyce's motion to delete the interest provision; amended the judgment to require Joyce to pay Leroy 12% interest on $9,195.17 (one-half of the $18,390.33 owed Leroy under the judgment) commencing August 1, 1982; required Leroy to purchase the Shopiere Road property on the same terms as contained in the offer to purchase; directed that the proceeds of the woodland sale be credited against the $18,390.33 owed Leroy; and determined that Leroy owed Joyce $14,869.19 after applying the proceeds from the sale of the woodland and the Shopiere Road properties.

## AMENDMENT OF THE JUDGMENT

The divorce judgment was amended under unusual circumstances. The court amended the judgment to correct what it saw as an "obvious error" of the court in

determining in the judgment the amount on which Joyce was to pay Leroy interest. Joyce's motion did not seek relief from the judgment under sec. 806.07, Stats. She was unaware of the "error" which the court subsequently found. Joyce acknowledged she owed Leroy the interest as provided in the judgment. Her counsel agreed that she owed Leroy the interest and that: "The Court can't change the judgment. We are stuck with whatever is there." During the first day's hearing the court stated: "And to me that's [the provisions of the judgment] as clear as it can be and I am going to order that the Petitioner [Joyce] pay interest on the sum of $18,390.33 from and after August 1, 1982, simple interest, not compounded, until that sum is paid. . . . "

It was not until the hearing the following day that the court discovered the "error" in the divorce judgment. The "error" was that Joyce should not have been ordered to pay interest on the difference in value of the personal property awarded her and that awarded to Leroy—$18,390.33—but only on one-half that amount. At that hearing the court stated: "That was an obvious error by the Court, and I am going to modify that judgment."

The court treated Joyce's motion as a motion for relief from judgment under sec. 806.07(1)(h), Stats., granted the motion, and ordered the judgment amended. Section 806.07 provides:

> (1) On motion and upon such terms as are just, the court may relieve a party . . . from a judgment, order or stipulation for the following reasons:
>
> (a)Mistake, inadvertence, surprise, or excusable neglect;
>
> . . . .

(h) Any other reasons justifying relief from the operation of the judgment.

(2) The motion shall be made within a reasonable time, and, if based on sub. (1)(a) . . . , not more than one year after the judgment was entered or the order or stipulation was made.

■

A trial court's order under sec. 806.07, Stats., will not be reversed on appeal unless there has been a clear abuse of discretion. *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 541, 363 N.W.2d 419, 422 (1985). We will not find an abuse of discretion if the record shows that the trial court exercised its discretion and that there is a reasonable basis for the court's determination. *Id.* at 542, 363 N.W.2d at 422. "Discretion" contemplates a process of reasoning which yields a conclusion based on logic and founded upon proper legal standards. *Id.*

■

A motion to correct a mistake in a judgment may be made under sec. 806.07(1)(a), Stats., not more than one year after judgment is entered. Joyce's motion was not made until almost three years after the divorce judgment was entered. However, the Wisconsin Supreme Court has construed sec. 806.07(1)(h) to permit the trial court to provide relief from a judgment or an order in "extraordinary circumstances" even though the motion is not brought within one year after entry of the order or judgment. *M.L.B.*, 122 Wis. 2d at 549, 363 N.W.2d at 425. In *M.L.B.*, the court adopted the "extraordinary circumstances" test applied by some federal courts to Fed. R. Civ. P. 60(b)(6), the federal counterpart of sec. 806.07(1)(h). *Id.* at 552, 363 N.W.2d at 426–27.

The trial court did not find that this case presented "extraordinary circumstances." However, the court

attached considerable significance to the fact that the court made the mistake. On July 26, 1982, the court pronounced judgment ordering Joyce to pay interest on $18,390.33. The court's error was in interpreting the parties' stipulation as agreeing that Joyce owed Leroy $18,390.33, when in fact the stipulation provided that Leroy was owed $18,390.33 of the sale proceeds to equalize the parties' positions. The court was unnecessarily magnanimous in assuming sole responsibility for the error; the stipulation was ambiguous and apparently the parties acquiesced in the court's construction of it. Nonetheless, legal error occurred which was correctable by appeal.

Simple legal error, correctable by appeal, is not an extraordinary circumstance justifying relief under sec. 806.07(1)(h), Stats. *See Martinez-McBean v. Government of Virgin Islands*, 562 F.2d 908, 912 (3rd Cir. 1977) (legal error does not justify granting relief under Rule 60(b)(6)); *Title v. United States*, 263 F.2d 28, 31 (9th Cir.), *cert. denied*, 359 U.S. 989 (1959) ("Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal"); *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 645 (9th Cir. 1984) (erroneous inclusion of postjudgment interest not an "exceptional situation"); *Pierce v. United Mine Workers of America Welfare*, 770 F.2d 449, 451 (6th Cir. 1985) ("a claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b)(6)"); *Chicago & N. W. Ry. Co. v. Union Packing Co.*, 527 F.2d 592 (8th Cir. 1976) (erroneous allowance or omission of prejudgment interest not an

exceptional situation).[1] By relying on an erroneous view of the law, i.e., that its error was an extraordinary circumstance allowing it to grant relief under sec. 806.07(1)(h), the trial court abused its discretion.

## DISTRIBUTION OF PROCEEDS OF SALES

■

Leroy raises on appeal the objection that the divorce judgment directs how the net proceeds of the sale of the parties' real property are to be distributed; therefore, no judicial action was necessary for that purpose. Leroy did not raise this objection in the trial court but participated in the court's effort to determine the obligations of the parties to each other. We normally will not review an issue raised for the first time on appeal. *Segall v. Hurwitz*, 114 Wis. 2d 471, 489, 339 N.W.2d 333, 342 (Ct. App. 1983). We see no reason to depart from that policy in this case.

■

The court failed to make any allowance for the expenses of sale of the Shopiere Road property and made no allowance to Leroy for the interest due him under the divorce judgment. These omissions may have been inadvertent since it appears from the transcripts of the hearings that the court intended to reconcile at this time all of the obligations between the parties, including Joyce's obligation to pay Leroy interest. The divorce judgment is ambiguous as to whether the parties

---

[1] To the extent that decisions of the United States Court of Appeals show a pattern of construction they are persuasive authority in construing rules of Wisconsin Civil Procedure that are based on federal rules. *Carlson Heating, Inc. v. Onchuck*, 104 Wis. 2d 175, 179 n. 2, 311 N.W.2d 673, 675–76 (Ct. App. 1981).

intended that the interest due Leroy should be deducted from the proceeds of the sale of the parties' real estate and allowed him at the time of the sale. The trial court did not make a finding on this factual issue. Our only appropriate action is to remand to the court to make the necessary finding. *Wurtz v. Fleischman*, 97 Wis. 2d 100, 108, 293 N.W.2d 155, 159 (1980).

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.