EAU CLAIRE COUNTY, Ronald Wampler, David
Daux, Hugh McMillan, Maurice Miller, Gary
Bork, Hugh McNamara, and Dwayne Peterson,
Plaintiffs-Respondents-Cross Appellants,†

v.

EMPLOYERS INSURANCE OF WAUSAU,
Defendant-Appellant-Cross Respondent,

INTERNATIONAL SURPLUS LINES INSURANCE
COMPANY, Defendant-Respondent-Cross
Appellant. ††

Verna PEARSON, Defendant.

Court of Appeals

*No. 87–1954. Submitted on briefs May 12, 1988.—Decided July
19, 1988.*

(Also reported in 430 N.W.2d 579.)

---

† Petition to review denied.
†† Petition to cross-review dismissed.

For defendant-appellant-cross-respondent, Employers Insurance of Wausau, there were briefs by *Curtis C. Swanson* and *Michael S. Anderson* of *Axley & Brynelson,* of Madison.

For plaintiffs-respondents-cross-appellants, Eau Claire County, et al., there were briefs submitted by *Arnold P. Anderson* of *Carroll, Parroni, Postlewaite, Anderson & Graham, S.C.,* of Eau Claire.

For defendant-respondent-cross-appellant, International Surplus Lines Insurance Company, there were briefs by *Richard F. Johnson, Hugh C. Griffin,* and *Paul Peralta* of Chicago, Illinois (of counsel); and *Mark A. Peterson* of *Mulcahy & Wherry, S.C.,* of Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. This appeal primarily concerns whether the trial court abused its discretion by granting a motion for relief from judgment under sec. 806.07(1)(h), Stats. The trial court vacated two separate judgments and reinstated a substantially identical consolidated judgment essentially for the purpose of extending the time for appeal. We conclude that the trial court, relying on an erroneous view of the law, abused its discretion in granting the sec. 806.07(1)(h) motion. We therefore reverse the consolidated judgment and reinstate the prior judgments. The cross-

103

appeal concerns whether insurance policy exclusions preclude coverage for certain claims Verna Pearson brought against Eau Claire County. We agree with the trial court that the insurance policy did not provide coverage for the Pearson claims.

## BACKGROUND

In March, 1983, Verna Pearson brought a federal civil rights action pursuant to 42 U.S.C. secs. 1983 and 1985 against Eau Claire County, David Duax, Ronald Wampler, Hugh McMillan, Maurice Miller, Gary Bork, Hugh McNamara, Dwayne Peterson (collectively the county). Pearson sought damages under Wisconsin law for alleged wrongs arising during the course of her employment with the county, including defamation, infliction of emotional distress, violation of free speech, and wrongful discharge. These acts were allegedly in retaliation for reporting illegal or irregular conduct that Pearson discovered during the course of her employment.

Employers Insurance of Wausau had issued to the county two insurance policies: a combination casualty policy and an umbrella liability policy. In addition, International Surplus Lines Insurance Company (ISL) had issued the county a public officials and employees liability policy.

The county tendered defense of Pearson's federal civil rights actions to Employers and ISL. The insurers informed the county that they would not defend the actions because the policies did not provide coverage for Pearson's claims. However, pursuant to an agreement entered in August, 1984, ISL, Employers, and the county eventually agreed that a pragmatic solution would be for the insurers to split the county's

defense costs in the underlying action while expressly reserving the right to litigate the issue of insurance coverage in state court. On March 21, 1985, the county filed a declaratory judgment action against Employers and ISL seeking a declaration of the respective rights and liability of all parties under the insurance policies.

In January, 1985, Pearson offered to settle her underlying claim against the county for $165,000. The county attorneys determined that settlement was appropriate, and advised both ISL and Employers of its desire to settle the case for that amount on a reservations of rights basis. Employers failed on numerous occasions to respond to the county's correspondence. In December, 1985, Verna Pearson increased her settlement demand to $250,000.

On January 17, 1986, Pearson lowered her settlement demand to $225,000. The case was subsequently settled for this amount, with Employers and ISL each agreeing to contribute one-half, contingent upon reimbursement in the event the trial court determined the policies did not provide coverage.

On January 20, 1986, the county filed a "First Amended Complaint" against Employers and ISL in the declaratory judgment action, claiming that the insurers in bad faith failed to take affirmative steps to settle the claims against the county for $165,000. Employers and ISL filed answers denying that they had any obligation to take affirmative steps to attempt to settle the claims, and counterclaimed against the county for reimbursement of the $112,500 each paid toward the settlement of the Pearson claim. At the same time, ISL cross-claimed against Employers alleging that if the court determined that ISL's policy covered the Pearson claim, then Employers was also

liable to ISL for refusing in bad faith to participate in the $165,000 settlement offer, thereby increasing ISL's exposure by an additional $30,000 as reflected in the final settlement agreement of $225,000.

Each party moved for summary judgment on the coverage issues. On May 1, 1987, the trial court conducted a hearing on the motions. The court determined that the insurers had no duty to participate in the settlement and, therefore, the county could not proceed on the bad faith claims. The court also determined that both the comprehensive general liability and the personal injury liability coverages of Employers' policy excluded coverage for claims related to employment. The court reserved ruling on Employers' umbrella policy and ISL's coverage.

On June 15, 1987, the trial court issued a written decision that Employers' umbrella policy afforded no coverage to the county. The court also specifically held that the ISL policy did not cover any of Pearson's claims against the county since the policy contained express exclusions precluding claims based upon "personal injury," "defamation," and "termination of employment." Accordingly, the court granted the insurers' summary judgment motions and ordered the county's claims dismissed. The trial court also dismissed ISL's cross-claim against Employers.

On June 25, 1987, judgment was entered in favor of Employers dismissing the county's claims, dismissing ISL's cross-claim, and awarding Employers reimbursement. On July 8, Employers notified the county and ISL of the entry of judgment. The county received Employers' notice of entry of judgment on July 9.

On July 20, the court entered a separate judgment in favor of ISL dismissing the county's claims against ISL and awarding reimbursement. ISL served

Employers and the county with notice of entry of judgment on August 4.

On August 14, the county filed a notice of appeal from both the June 25 judgment in favor of Employers and the July 20 judgment in favor of ISL. On August 21, ISL also filed a notice of appeal from that portion of the June 25 judgment dismissing its cross-claim against Employers.

On August 31, Employers filed a motion requesting dismissal of the appeals on the basis that they were not timely filed within the required forty-five days of the June 25 judgment.

On August 31, the county filed a "Motion to Vacate and/or Reconsider Summary Judgment and for Rehearing." In his supporting affidavit, the county's attorney for the first time objected to the form of the June 25 and July 20 judgments stating in part:

> 3. All issues between International and Employers with regard to insurance coverage were interrelated both in terms of briefs and filings with the Court and also with regard to the settlement agreement entered into between International and Employers wherein it was agreed that International and Employers were to pay Verna Pearson and reserve any and all rights in the underlying action. It was my opinion that there could be no recovery over against Eau Claire County by either International or Employers until such time that it was finally determined that there was no insurance coverage available for the claims of Verna Pearson under either the International or Employers policy. It was further my opinion that there could be no recovery over against Eau Claire County until all claims had been finally determined on appeal if necessary so that in the event recovery was afforded on appeal over against one insurance

company but not the other there would be no right of recovery against Eau Claire County pending a final determination of any of the rights of Eau Claire County over against any individual insurance company, i.e. either Employers or International.

4. It was my opinion that there should be a single appeal because of the nature and extent of the issues raised in the trial court. I therefore waited until I had the Notice of Entry of Judgment by International prior to commencing any appeal and wanted to include in the appeal both Judgments. I assumed that both Judgments should be on the same appeal and that I should not be appealing either Judgment independently without the other.

On September 9, a hearing was had on the county's motion to vacate. At this hearing, the court denied the county's motion to reconsider on the grounds that the attorney's affidavit failed to establish facts demonstrating mistake, inadvertence, surprise, or excusable neglect as required for relief under sec. 806.07(1)(a). However, the trial court granted the county's request for relief from judgment based upon sec. 806.07(1)(h): "Any other reasons justifying relief from the operation of the judgment."

Therefore, on September 11, the court entered an order vacating all judgments entered prior to September 9, and ordered that a single judgment be entered. A consolidated judgment was entered on September 28.

Employers now appeals that portion of the judgment that vacated the June 25 judgment and requests reinstatement of the previous judgments. The county cross-appeals the determination of non-coverage and the dismissal of its bad faith claims against the

insurers, and ISL appeals the dismissal of its action against Employers.

## THE SEC. 806.07(1)(h) ORDER

The parties agree that motions under sec. 806.07 are directed to the sound discretion of the trial court. Although sec. 806.07(1)(h) relief may only be afforded in extraordinary circumstances, an order granting relief will not be reversed on appeal unless there has been a clear abuse of discretion. *State ex rel. M.L.B. v. D.G.H.,* 122 Wis. 2d 536, 541, 363 N.W.2d 419, 422 (1985).

We emphasize, however, that such a standard does not vest the trial court with completely unfettered discretion. Discretion contemplates a process of reasoning based upon proper legal standards. *Mathewson v. Mathewson,* 135 Wis. 2d 411, 416, 400 N.W.2d 485, 487 (Ct. App. 1986).

Federal courts construing the counterpart to sec. 806.07(1)(h) have firmly held that the rule may not be used to extend the time for appeal.[1] *See, e.g., Pryor v. United States Postal Serv.,* 769 F.2d 281, 288 (5th Cir. 1985) (holding that the rule may not be used as an "end run" to effect an appeal outside the specified time limits).

It has also been recognized that the express purpose of sec. 806.07(1)(h) is to provide the court with

---

[1] Because sec. 806.07(1)(h) is substantially equivalent to Fed. R. Civ. P. 60(b)(6), we refer to federal cases showing a pattern of construction as persuasive authority in interpreting sec. 806.07(1)(h). *M.L.B.,* 122 Wis. 2d at 542, 363 N.W.2d at 422; *see also Mathewson,* 135 Wis. 2d at 418 n. 1, 400 N.W.2d at 488 n. 1.

a means of <u>relieving</u> a party from the oppression of a final judgment. *Edwards v. Velvac, Inc.,* 19 F.R.D. 504, 507 (E.D. Wis. 1956). The county's motion for relief was not in accord with this fundamental purpose. Although the county moved that the separate judgments be vacated, a substantially identical consolidated judgment was reinstated. Thus, the trial court did not relieve the county from the burden of the prior judgments that were still in operation after consolidation. Rather, the court provided relief from the statutory time period limiting appeal.

The county insists that the claims were interdependent and that there could be no finality to the litigation until a disposition was had on both policies. Thus, the county "assumed" that the claims should be appealed together for a complete determination of all the interrelated issues.

■

We are unpersuaded. A judgment is final when it disposes of the entire matter as to <u>one or more of the parties</u>. *Radoff v. Red Owl Stores, Inc.,* 109 Wis. 2d 490, 494, 326 (N.W.2d 240, 242 (1982) (emphasis added). Here, each judgment on its face was plainly dispositive of all issues as to that party. Also, Employers and ISL were not united in interest. The matters involved separate and distinct coverage questions.

Furthermore, neither the court nor opposing counsel misled the county by suggesting that there should be a single appeal. The court entertained separate motions for summary judgment, and it is clear that the court required separate judgments be entered. Each party thereafter submitted its own proposed judgment as well as its separate bill of costs. Separate notices of filing were then delivered to the county. Nevertheless, the county assumed without

inquiry of any sort that a single appeal would effectuate both judgments.

Indeed, all of the issues raised by the county existed prior to the entry of the separate judgments and were implicated on the face of the documents. However, no objection was raised at any time as to either the requirement of separate judgments or to the proposed form of the judgments. Finally, the county had ample time within the forty-five-day appeal period to either resolve any confusion or to request a consolidated judgment, yet it made no effort to do either. It was only after measures were taken to dismiss the appeal that the county sought to consolidate the judgments.

Under the circumstances, therefore, we conclude that sec. 806.07(1)(h) does not authorize the trial court to essentially expand the time for appeal when the time for such appeal had passed. We do not decide whether sec. 806.07(1)(h) may be used under some other set of facts to consolidate separate judgments outside the specified time limits. However, insufficient cause is offered in the present case to justify an exception to the strong policy behind the finality of judgments. The inaction and assumptions relied upon are far from the "extraordinary circumstances" recognized as a basis for reopening a final judgment under sec. 806.07(1)(h), and do not justify the court stepping in to mitigate the situation.

The trial court thus abused its discretion by relying on an erroneous view of the law. Accordingly, we reverse the consolidated judgment entered September 28, 1987, and remand for reinstatement of the judgments entered June 25 and July 20. Our conclusion necessitates the dismissal of the county's untime-

ly appeal regarding Employers, as well as the dismissal of ISL's action against Employers.

## COVERAGE

The county's appeal of the July 20, 1987, judgment regarding ISL remains timely. The issue thus persists concerning coverage under ISL's policy. We agree with the trial court's June 15, 1987, decision determining that the defamation, personal injury, and employee termination exclusions in ISL's policy precluded coverage for Verna Pearson's claims.

As the trial court noted, ISL's public officials and employees liability insurance policy provided, under Coverage A, for claims against "insureds" for wrongful acts. Wrongful acts is broadly defined in the policy to include errors, omissions, misstatements, or certain other breaches of duty as public officials or employees. The policy also provided, under Coverage B, reimbursement to the county in the event the county indemnified insureds for claims first made against them.

The policy therefore covered a variety of claims, for instance those arising from property use restrictions, zoning rulings, or the issuance of building permits. However, the policy excluded coverage for bodily injury, personal injuries, or other types of comprehensive general liability claims. The policy contains the following exclusions:

> The Company shall not be liable to make payment for Loss in connection with any claim made against the Insureds allegedly, based upon or arising out of any one or more of the following:
>     ....

112

5.a.  any damages, whether direct, indirect or consequential, arising from, or caused by, bodily injury, <u>personal injury</u>, sickness, disease or death;

....

6.b  <u>defamation</u>, including, but not limited to libel or slander .... (Emphasis added).

Pearson's claim for defamation was clearly excluded from coverage by exclusion 6.b. It is also apparent that the use of the broad term "personal injury" excluded Pearson's claimed mental and emotional harm. Considerable authority exists for the proposition that a "personal injury" encompasses not only physical injuries but also any affront to the body, reputation, liberty, or sense of enjoyment of persons. *See, e.g.,* cases cited in *McCroskey v. Cass County,* 303 N.W.2d 330, 336 (N.D. 1981). Had ISL intended to exclude only physical injuries, it could have simply relied upon the narrow term "bodily injury," which is also contained in exclusion 5.a., rather than adding the broader comprehensive term "personal injury."

The county's suggestion that the term "personal injury" does not exclude Pearson's claims for mental and emotional harm is further undercut by the county's own prior actions. As the trial court noted, at least as to Employers' policy, the county conceded that "the claims involving Verna Pearson come under the definition of 'personal injury.'" Also, the written settlement of Pearson's claims allocated $221,800 out of the total $225,000 to the "claims for personal humiliation, personal embarrassment, emotional distress or other <u>personal injury</u>." (Emphasis added).

We reject the county's argument that the exclusions are inapplicable to the county. The introductory language to the exclusions refers to "any claim made

against the insureds." "Insureds" is broadly defined and explicitly includes the county as "public entity," as well as its employees and elected or appointed officials.

Equally compelling is the introduction to the policy, which provides:

> IN CONSIDERATION of the payment of the premium and subject to all of the terms, conditions and exclusions of this Policy, the Company agrees with the Insureds under Coverage A and the Public Entity under Coverage B as follows .... (Emphasis added).

Thus, the exclusions are expressly made applicable to Coverages A and B. The policy also explicitly states which of the nine exclusions are not to be applicable to Coverage B. Following the ninth exclusion, the policy states, "Exclusions (1.) and (2.) do not apply to Coverage B." Therefore, the remaining exclusions, including 5. (personal injury) and 6. (defamation) are applicable.

Pearson's remaining claims are excluded by endorsement no. 2 of the policy, which provides:

> IT IS UNDERSTOOD AND AGREED THAT THE INSURER SHALL NOT BE LIABLE TO MAKE ANY PAYMENT FOR LOSS IN CONNECTION WITH ANY CLAIM OR CLAIMS MADE AGAINST THE INSUREDS BASED UPON OR ARISING OUT OF EMPLOYEE HIRING, ADVANCEMENT, REMUNERATION OR IN TERMINATION OF EMPLOYMENT.

This exclusion thus applies to the $3,200 of Pearson's settlement for loss of wages, as "remuneration." The exclusion would also apply to the claim for wrongful discharge as "termination."

Finally, we reject the county's bad faith claim pertaining to ISL. It is irrefutable that ISL was expressly ready and willing to accept the county's proposal to settle the Pearson claim for $165,000. Indeed, the county's correspondence relating to settlement reveals as early as March 22, 1985, that "International is ready to contribute 50% of any settlement up to a total settlement of $165,000." The county's recognition of this willingness is further illuminated by the fact that the arguments in their briefs are directed solely against Employers.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded with directions. Costs are granted in favor of Employers and ISL against the county.