COURT OF APPEALS
DECISION
DATED AND FILED

June 11, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2025AP457**

**STATE OF WISCONSIN**

Cir. Ct. No. 2022CV114

**IN COURT OF APPEALS
DISTRICT IV**

LAKEVIEW LOAN SERVICING, LLC,

   PLAINTIFF-RESPONDENT,

 V.

JEREMY M. BASTIN AND NICOLE A. BASTIN,

   DEFENDANTS-APPELLANTS.

APPEAL from a judgment of the circuit court for Jefferson County: ROBERT F. DEHRING, JR., Judge. *Affirmed*.

Before Blanchard, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   This is the second appeal arising out of a foreclosure action brought by Lakeview Loan Servicing, LLC (Lakeview) against Jeremy

Bastin and Nicole Bastin. In our earlier decision, we reversed a summary judgment of foreclosure entered in favor of Lakeview. *See Lakeview Loan Servicing, LLC v. Bastin (Lakeview I)*, No. 2023AP475, unpublished slip op. (WI App July 18, 2024). On remand, Lakeview filed a renewed motion for summary judgment, which the circuit court granted. In this appeal, the Bastins, pro se, argue that the court lacked authority to grant summary judgment to Lakeview and instead was required to dismiss this case. We reject the Bastins' arguments and affirm.

## BACKGROUND

¶2 Lakeview filed this foreclosure action in Jefferson County circuit court in April 2022. In its complaint, Lakeview alleged that it was the "current holder of a certain note and recorded mortgage" on the Bastins' property and that the Bastins had failed to make contractual payments on the note. The complaint further alleged that "true" copies of the note and mortgage were attached as exhibits. The note attached as an exhibit was endorsed in blank.

¶3 In December 2022, Lakeview filed its first motion for summary judgment, which the circuit court granted, and the Bastins appealed. *Lakeview I*, No. 2023AP475, ¶1. We reversed based on the Bastins' argument that Lakeview's summary judgment submissions "fail[ed] to make a prima facie case that it [was] the proper plaintiff in this foreclosure action." *Id.*, ¶2. We explained that Lakeview needed to "submit sufficient evidence showing that it possesses the note" in order to establish a prima facie case for foreclosure. *Id.*, ¶10. We determined that the only averment pertaining to the note in Lakeview's summary judgment submissions was that "[t]he custodian has possession of the [n]ote." *Id.*, ¶11. We concluded that "[t]his averment is insufficient to establish a prima facie case that Lakeview possesses the original note." *Id.*

2

¶4      Specifically, we explained that Lakeview's summary judgment submissions did "not identify 'the custodian' that possesses the note," *id.*, ¶12, nor did Lakeview establish that it would be "entitled to enforce a note possessed by another, such as a servicer or an unidentified agent," *id.*  We further explained that, because the note was endorsed in blank, Lakeview needed to present "'the original note, or a properly authenticated copy'" in order to show that Lakeview was entitled to enforce the note.  *Id.*, ¶13 (quoting *Deutsche Bank Nat'l Trust Co. v. Wuensch*, 2018 WI 35, ¶26, 380 Wis. 2d 727, 911 N.W.2d 1 ("Without the original note, or a properly authenticated copy, there is no showing that [plaintiff] is entitled to enforce the note as the party in possession of a note endorsed in blank.")).

¶5      We rejected the Bastins' alternative arguments, and "explain[ed] why" we rejected them, "to the extent that [the Bastins] may seek to renew those arguments on remand."  *Lakeview I*, No. 2023AP475, ¶8.  We "remand[ed] the case to the circuit court for further proceedings."  *Id.*, ¶20.

¶6      Following our remand, the circuit court scheduled a status conference for October 2, 2024.  Due to technical issues with the court's telephone system, Lakeview was unable to appear.  In Lakeview's absence, the court made oral rulings, including ordering dismissal of Lakeview's complaint.  Lakeview subsequently filed a motion for relief from these oral rulings pursuant to WIS. STAT. § 806.07 (2023-24).[1]  During a motion hearing on October 16, 2024, the court determined that Lakeview had established excusable neglect and vacated its October 2 orders.

¶7      At the October 16 hearing, counsel for Lakeview also informed the circuit court that he had the original note in his possession.  Lakeview asked the

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

court to inspect the original note and make a finding that Lakeview was the holder of the original note, pursuant to the procedure set forth in **Deutsche Bank**, 380 Wis. 2d 727, ¶23.

¶8      The Bastins opposed this request for two reasons.  First, the Bastins argued that our decision in **Lakeview I** required the circuit court to dismiss the case because Lakeview lacked standing to foreclose.  The court rejected this argument, explaining that our decision in **Lakeview I** had remanded the case for further proceedings.  The Bastins then informed the court that they were not prepared for the court to address Lakeview's possession of the note at that hearing.  Accordingly, the court set a briefing schedule, giving Lakeview 30 days to address the issue related to the note.   The court further said that "[i]f there is a contest to the authenticity of the note, then I will set the matter for … an evidentiary hearing."

¶9      On November 11, 2024, Lakeview filed a renewed motion for summary judgment.  As part of this motion, Lakeview submitted an affidavit from the Bastins' loan servicer averring that "Lakeview … through its attorneys … is in possession of the original wet-ink note endorsed in blank."  A copy of the original note was attached to the affidavit as an exhibit.

¶10      The Bastins responded to Lakeview's renewed summary judgment motion on December 16, 2024, stating that they "will not address any issues raised again by Lakeview … in their renewed motion(s) because those issues were addressed by the Court of Appeals."   Instead, the Bastins relied solely on the argument that our decision in **Lakeview I** was a "mandate [that] settled for all time the issue of Lakeview not being a proper [p]laintiff."  The Bastins argued that the circuit court therefore "lack[ed] jurisdiction to proceed on [Lakeview's] renewed motion(s)."

¶11    The circuit court held a hearing on Lakeview's renewed motion for summary judgment on January 29, 2025. At the hearing, Lakeview presented the original note to the court, along with a copy, which the court determined was identical to the original note except for redacted personal information. The Bastins objected to the entry of the copy of the note into evidence, arguing for the first time that expert authentication was required. The court concluded that, because the Bastins had failed to contest the authenticity of the note in their opposition to the renewed motion for summary judgment, they had failed to create a genuine dispute of fact for trial. Accordingly, the court granted summary judgment to Lakeview.

¶12    The Bastins filed this appeal, arguing that the circuit court lacked jurisdiction over Lakeview's renewed motion for summary judgment and that the court erred in granting it. The Bastins also argue that the court erroneously exercised its discretion when it vacated its oral order dismissing Lakeview's complaint.

## DISCUSSION

### I.    Effect of Our Decision in *Lakeview I*

¶13    The Bastins make several arguments regarding the effect of our decision in *Lakeview I*. They contend that the circuit court's judgment is void because the court lacked jurisdiction to grant Lakeview's renewed motion for summary judgment; that our previous decision established conclusively that Lakeview does not have standing to foreclose; and that the law of the case doctrine barred the court from granting Lakeview's renewed summary judgment motion.

¶14    These arguments all misinterpret our decision in *Lakeview I*, in which we concluded that Lakeview's first summary judgment motion failed to establish a

prima facie case that Lakeview is entitled to a judgment of foreclosure. *Lakeview I*, No. 2023AP475, ¶11. Specifically, we explained that "when the note is endorsed in blank, the plaintiff fails to make a prima facie case for summary judgment of foreclosure when the plaintiff does not submit evidence sufficient to support a finding that it possesses the original note." *Id.*, ¶10 (citing *Bank of New York Mellon v. Klomsten*, 2018 WI App 25, ¶32, 381 Wis. 2d 218, 911 N.W.2d 364). We determined that Lakeview's first summary judgment motion was insufficient because Lakeview did not "present facts showing that it possesses the original note." *Lakeview I*, No. 2023AP475, ¶15.

¶15 Contrary to the Bastins' arguments, nothing in *Lakeview I* required the circuit court to dismiss Lakeview's foreclosure action. Rather, we remanded the matter for further proceedings. *Id.*, ¶20. In addition, we explained why we rejected the Bastins' alternative arguments "to the extent that [the Bastins] may seek to renew those arguments on remand." *Id.*, ¶8. There would be no need for the Bastins to renew their arguments on remand if we had directed the court to dismiss the case.

¶16 For these reasons, we reject the Bastins' arguments that the circuit court lacked authority to grant Lakeview's renewed motion for summary judgment.

## II. Lakeview's Renewed Motion for Summary Judgment

¶17 Alternatively, the Bastins argue that Lakeview's renewed motion for summary judgment fails to establish a prima facie case for foreclosure. We apply here the same standard of review as in *Lakeview I*:

> We review a grant of summary judgment de novo, employing the same methodology as the circuit court. *Palisades Collection LLC v. Kalal*, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503. First we determine whether the pleadings set forth a claim for relief. *Baumeister v. Automated Products, Inc.*, 2004 WI 148, ¶12, 277 Wis. 2d

> 21, 690 N.W.2d 1. If they do, we next examine the moving party's submissions to determine whether they establish a prima facie case for summary judgment. *Palisades*, 324 Wis. 2d 180, ¶9. If they do, we then examine the opposing party's submissions to determine whether material facts are in dispute entitling the opposing party to a trial. *Id.* A party is entitled to summary judgment if there is no genuine issue of material fact and that party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).

*Lakeview I*, No. 2023AP475, ¶7.

¶18　　The Bastins contend that "*nothing has changed from the previous appeal,*" because Lakeview's renewed motion for summary judgment fails to make a prima facie case on the issue of whether it possesses the original note. (Emphasis in original.) We disagree that nothing has changed from the previous appeal. As part of its renewed motion, Lakeview submitted a new affidavit averring that Lakeview "is in possession of the original wet-ink note endorsed in blank." Lakeview also attached a copy of the original note as an exhibit. These submissions address the missing or ambiguous information we identified in our prior decision. *See id.*, ¶¶11-13. We therefore conclude that the submissions in Lakeview's renewed motion establish a prima facie case for summary judgment. *See Palisades*, 324 Wis. 2d 180, ¶9.

¶19　　Next, we examine the Bastins' opposition to summary judgment to determine whether material facts are in dispute. *See id.* In their opposition, the Bastins exclusively argued that our prior decision barred Lakeview from filing a renewed summary judgment motion. As explained above, this argument was incorrect. Because the Bastins expressly declined to respond to the averments of material fact in Lakeview's renewed summary judgment motion, they failed to create a dispute that would require a trial. *See id.* Thus, the circuit court properly granted summary judgment to Lakeview. *See* WIS. STAT. § 802.08(2) (summary

judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").

¶20     In their opening brief on appeal, the Bastins argue that the original note produced to the circuit court, as well as the copy submitted with Lakeview's renewed summary judgment motion, could be forgeries. This argument is unsupported by any evidence and is therefore insufficient to oppose summary judgment. "A party opposing a summary judgment motion must set forth 'specific facts,' evidentiary in nature and admissible in form, showing that a genuine issue exists for trial." *Helland v. Kurtis A. Froedtert Mem. Lutheran Hosp.*, 229 Wis. 2d 751, 756, 601 N.W.2d 318 (Ct. App. 1999). In its renewed motion for summary judgment, Lakeview averred that it possessed the original, wet-ink note. If the Bastins wanted to create a dispute regarding this averment, they needed to do so as part of their response in opposition to summary judgment on December 16, 2024. Instead, the Bastins expressly declined to engage with the material facts in Lakeview's renewed motion. The Bastins' belated assertion that the note could be a forgery is not sufficient to create a genuine dispute for trial. *Id.* (party opposing summary judgment cannot rely upon "unsubstantiated conclusory remarks" or "speculation"). We therefore agree with the court that the Bastins did not establish that there was a factual dispute requiring a trial.

¶21     The Bastins also argue that Lakeview is not permitted to foreclose because it is not the owner of the note or the assignee of the mortgage, citing *Carpenter v. Longan*, 83 U.S. 271 (1872), as well as 1995 amendments to the Truth in Lending Act. *See* 15 U.S.C. § 1641(f). This argument fails for at least two reasons. First, as Lakeview points out, the Bastins did not make this argument when

they opposed Lakeview's renewed motion for summary judgment. "'The party who raises an issue on appeal bears the burden of showing that the issue was raised before the circuit court.'" *Nickel v. United States*, 2012 WI 22, ¶22, 339 Wis. 2d 48, 810 N.W.2d 450 (quoted source omitted). In their reply brief, the Bastins contend that they raised this issue when they objected to Lakeview's request to present the original note in circuit court. We have reviewed the portion of the transcript cited by the Bastins, and we see nothing that suggests that the Bastins made this argument to the circuit court, or that the Bastins directed the court's attention to either of the authorities cited in its appellate brief. We will not blindside the circuit court by reversing based on theories that were never presented to the court. *See Townsend v. Massey*, 2011 WI App 160, ¶25, 338 Wis. 2d 114, 808 N.W.2d 155.

¶22 Second, even if the Bastins had preserved this issue for appeal, their argument is at odds with our determinations in *Lakeview I* that Wisconsin law permits the "holder" of a note to foreclose on that note, and that "holder" refers to the person in possession of the note. *Lakeview I*, No. 2023AP475, ¶9 (citing WIS. STAT. §§ 401.201(2)(km)1.; 403.301). Nothing in the Bastins' appellate briefs calls our prior determination into question.

¶23 The Bastins further argue that the circuit court's decision to grant Lakeview's renewed summary judgment motion is inconsistent with the court's earlier suggestion that another round of summary judgment would not be "appropriate." The Bastins' argument overlooks the context of the court's comment. Specifically, during the hearing on October 16, 2024, the court addressed Lakeview's plan to file a renewed motion for summary judgment, saying:

> [I]t's my understanding that [Lakeview] want[s] another round of summary judgment. I don't think that's going to be appropriate. I can predict in the answer that the Bastins are going to say, … no matter what's averred here we don't think

> that the note is the original note, and I think I need to make a finding of fact notwithstanding …. So that's how I see the … case going forward.

In other words, the court predicted that the Bastins would oppose summary judgment by contesting the authenticity of the note. In that event, the court observed that the court would not be able to grant summary judgment and would instead have to make factual findings following a trial. As we have explained above, however, the court's prediction for how the Bastins would oppose summary judgment did not come to fruition. Instead, the Bastins did not oppose Lakeview's renewed summary judgment motion on the merits. Regardless, we do not construe the court's comments as prohibiting Lakeview from filing a renewed summary judgment motion.

¶24 The Bastins also argue that the circuit court exhibited bias when commenting on how Lakeview should proceed on remand. The Bastins do not develop this argument with any citations to legal authority, and we therefore reject it. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (we need not consider arguments that are undeveloped). We further note that the court also commented on how the Bastins could effectively oppose summary judgment. In making these comments, the court was not showing bias toward either party but rather was attempting to resolve the case in an even handed and efficient manner for both parties.

¶25 For the foregoing reasons, we conclude that the circuit court properly granted Lakeview's renewed motion for summary judgment.

10

### III.   Reopening the Case Following Oral Dismissal

¶26   The Bastins argue that the circuit court should not have granted Lakeview's motion to reopen the case following its oral order for dismissal due to Lakeview's failure to appear at the status conference on October 2, 2024.

¶27   "On motion and upon such terms as are just, the court … may relieve a party or legal representative from a judgment, order or stipulation for … excusable neglect."  WIS. STAT. § 806.07(1)(a).  "The circuit court's decision to grant or deny relief under § 806.07(1) is discretionary."  *McFarland State Bank v. Sherry*, 2012 WI App 4, ¶20, 338 Wis. 2d 462, 809 N.W.2d 58 (2011).  We will affirm the court's decision "if the record shows that the circuit court exercised its discretion and that there is a reasonable basis for the court's determination."  *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 542, 363 Wis. 2d 419 (1985).

¶28   In moving for relief from the circuit court's oral orders, Lakeview established that it had permission to appear by telephone at the October 2 status conference but that it had experienced technical problems because the call-in number was not working, nor were other court telephone lines working.  Lakeview submitted a letter notifying the court of the problem within an hour of the scheduled conference, and the court found that "the phones were down at the time of the hearing, preventing any phone calls from being made or received."  At the October 16 hearing on Lakeview's motion for relief, the court determined that Lakeview had demonstrated "the clearest case of excusable neglect I've ever seen." The court further determined that this was a "contested case on the merits" in which both parties had "their valid positions on the merits."  Accordingly, the court granted Lakeview's motion to reopen the case and vacate its oral orders.

¶29 The record therefore shows that the court exercised its discretion and that there was a reasonable basis for its decision to reopen the case. *See id.*

¶30 The Bastins argue that, by reopening the case, the circuit court impermissibly expanded the time for Lakeview to appeal. *See Eau Claire County v. Employers Ins. of Wausau*, 146 Wis. 2d 101, 111, 430 N.W.2d 579 (Ct. App. 1988) (concluding that, under the circumstances of the case, "[WIS. STAT. §] 806.07(1)(h) does not authorize the [circuit] court to essentially expand the time for appeal when the time for such appeal had passed"). As with their prior arguments, the Bastins misconstrue the effect of *Lakeview I*. Although Lakeview could have sought further review of our decision in *Lakeview I* by our supreme court, Lakeview instead opted to comply with that decision by filing a renewed motion for summary judgment that addressed the deficiencies we identified in its first summary judgment submission. Accordingly, we see no basis for the Bastins' contention that Lakeview's motion under § 806.07(1)(a) was being "used as an 'end run' to effect an appeal outside the specified time limits." *See Employers Ins.*, 146 Wis. 2d at 109 (citing *Pryor v. United States Postal Servs.*, 769 F.2d 281, 288 (5th Cir. 1985)).

¶31 We therefore conclude that the Bastins have not established that the circuit court erroneously exercised its discretion when it granted Lakeview's motion for relief from the October 2 orders.

## CONCLUSION

¶32 For the foregoing reasons, we conclude that the circuit court did not err when it reopened the case or when it granted Lakeview's renewed motion for summary judgment. We therefore affirm the judgment of foreclosure.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.