ESTATE OF MIERZEJEWSKI: SCHAEFER & COMPANY, Appellant, vs. KRAMER, Defendant: MARSHALL & ILSLEY BANK, Respondent.

*December 6, 1937—January 11, 1938.*

450

*Arnold C. Otto* of Milwaukee, for the appellant.

For the respondent there was a brief by *Churchill, Bennett, Churchill & Davis,* attorneys, and *William H. Churchill, Jr.,* and *Jos. E. Rapkin* of counsel, all of Milwaukee, and oral argument by *Mr. Rapkin* and *Mr. William H. Churchill, Jr.*

MARTIN, J. The trial court's conclusion that the Marshall & Ilsley Bank is, by virtue of its assignment, entitled to the amount due Sophia Kramer as a creditor of her father's estate; that is, to the proceeds of her claim as filed and allowed against the estate, cannot be sustained. Under its

assignment, the bank took such interest as Sophia had "either as devisee, legatee or heir at law." Schaefer & Company, by virtue of its assignment, took whatever interest Sophia had as a claimant against the father's estate and such interest as Sophia might have as a legatee, subject to the bank's interest in any amount she might receive as devisee, legatee, or heir at law.

". . . In the exercise of their [court's] proper function they must, in determining the meaning of contractual words, keep within the boundaries of reason, not go beyond the rational scope of words, and must give proper weight to the legal presumption that common words, or words having a particular technical meaning and others as well, that are not so placed as to plainly call for such technical meaning, are presumed to be used in the common, ordinary, comprehensive sense thereof, and such presumption should prevail in the absence of some satisfactory indication of a contrary intent." *Sands v. Kaukauna W. P. Co.* 115 Wis. 229, 233, 91 N. W. 679; *Will of Cuppel,* 206 Wis. 586, 587, 240 N. W. 144.

In the latter case, the court said:

"Words must be construed according to their ordinary meaning, unless something in the will indicates that they are used in a more comprehensive or some peculiar sense. These rules are so elementary as not to need citation of authorities in their support."

The words, "devisee" and "legatee," are not aptly used in either assignment, since we are dealing with an intestate estate. The assignment to the bank is clearly limited to the interest which Sophia had in the father's estate, either as devisee, legatee, or heir at law.

The respondent bank contends that the paragraphs in the assignment to the bank which read as follows:

"And I do hereby remise, release, quitclaim and forever discharge the executors, administrators or legal representatives of the estate of the said Demazyn (Daniel) Mierze-

jewski . . . of and from all actions, claims and demands whatsoever, for or by reason of any and all my right, title or interest in said estate,

"Provided, however, that if I, Sophia Kramer, or my heirs, executors or administrators shall well and truly pay or cause to be paid to the Marshall & Ilsley Bank, its successors or assigns, the sum of eight hundred and fifty and no/100 dollars, and interest, according to the condition of certain promissory note due Oct. 12, 1931, bearing even date herewith, then this assignment shall be null and void otherwise to be and remain in full force and effect,"—

cover the assignor's interest as claimant and indicate an intent to assign the claim in favor of the bank.

We cannot accept such construction. Releasing the executors and the estate of all claims and demands does not operate as an assignment to the bank of her interest as claimant. The conveying clause of the assignment to the bank specifically assigns what Sophia may be entitled to "either as devisee, legatee or heir at law." Nothing more.

"It is a rule of quite general if not universal recognition that the granting or conveying portions of a deed, when clear and unambiguous, shall control over other words or phrases in the introductory or other part of a deed." *Fries v. Kracklauer*, 198 Wis. 547, 551, 224 N. W. 717; *Weber v. Nedin*, 210 Wis. 39, 43, 242 N. W. 487, 246 N. W. 307, 246 N. W. 686.

The respondent further contends that because the assignment to Schaefer & Company says that the transfer to it of "all . . . right, title and interest in . . . the estate . . . either as legatee or claimant" is "subject to a prior assignment in favor of Marshall & Ilsley Bank . . . dated the 14th day of July, 1931" this is a recognition of a prior interest of the bank to Sophia's claim against the father's estate. It is, so far as her interest as "devisee," "legatee" and "heir at law," but certainly not so far as her interest as a creditor of the estate is concerned. No doubt, both

the bank and Miss Kramer figured that her one-third interest in the estate would be more than sufficient to pay the $850 which she owed the bank. Sophia knew that the proceeds of her claim against the estate would be insufficient to pay the amount she owed to Schaefer & Company, and apparently anticipating that her one-third interest in the estate would be more than sufficient to pay the bank in full, she undertook to secure Schaefer & Company by assigning to them her interest as legatee or claimant, and, since she had already assigned to the bank her interest as legatee, the second assignment as to such interest was made subject to the prior assignment in favor of the bank. The language of the second assignment cannot add to or enlarge the words of the prior assignment. There is no ambiguity in the language of either assignment.

The judgment must be reversed with directions to enter judgment allowing to the bank only such amount as Miss Kramer is entitled to as one of the heirs at law in the father's estate, not exceeding the amount due on her note, held by the bank, and to enter judgment in favor of Schaefer & Company for the amount due Miss Kramer on her claim allowed against the estate, plus such additional amount, if any, that may be due Miss Kramer as one of the heirs at law; provided, however, that her interest as an heir at law exceeds the amount due the bank, however, not exceeding the sum of $355, with accrued interest.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.