ESTATE OF TOWNSEND: WITHERS, Respondent, vs. BLOOM-
FIELD and others, Appellants.

*September 14—October 11, 1938.*

62

For the appellants there was a brief by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *W. E. Fisher*.

For the respondent there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Dorothy Walker* and *Daniel H. Grady*.

FAIRCHILD, J. When the language of a contract is such that no doubt or uncertainty exists as to the meaning of the terms used, parol evidence is not admissible to show that a different meaning was intended. If the subject of the agreement and the object to be accomplished may be gathered from its general terms, a contract does not become ambiguous merely because unnecessary words have been used. It must be assumed that the parties had the same purpose and object in view in the whole of the contract. 1 Wait's Actions & Defenses, 122.

When the parties have plainly entered upon negotiation to adjust differences presently existing, the intention to include in the subject matter a provision with respect to future contingencies cannot be inferred from the use of a few words vaguely suggestive of such an intention. In Restatement, Contracts, p. 310, § 230, the following rule is stated:

"The standard of interpretation of an integration, except where it produces an ambiguous result, or is excluded by a rule of law establishing a definite meaning, is the meaning that would be attached to the integration by a reasonably intelligent person acquainted with all operative usages and knowing all the circumstances prior to and contemporaneous with the making of the integration, other than oral statements by the parties of what they intended it to mean."

As an additional help in determining the effect of an agreement, when the application of section 230 does not entirely solve the problem, the following rule is suggested at p. 327, § 236:

"(b) The principal apparent purpose of the parties is given great weight in determining the meaning to be given to manifestations of intention or to any part thereof."

The contention that the agreement here under consideration included a surrender by Lona Withers of her possibility of inheritance is not in accord with the principal apparent purpose of the parties. Nothing in the agreement suggests

the existence of an advancement by the father to his daughter, in lieu of her right to share in his estate at death, nor is there any acknowledgment of an advancement. The court below found that the contract was free from ambiguity and related only to the settlement of existing disputes arising because of the interest of Lona Withers as joint tenant with her father in lands and mortgages. We are of the opinion that the lower court was correct in its conclusion that the language of the contract was not a release of the daughter's expectancy.

The use of the words "estate" and "inchoate" in the agreement of the parties, when read in the light of the subject matter, cannot be construed to extend the meaning of the contract. Nor do those words create an ambiguity. Clearly the "matters in difference" were the debt which the father owed to his daughter, and the interest of the daughter in her father's real property. There was not yet in existence an "estate" in the sense in which it is now claimed that the word was used in the contract. Had Lona Withers dealt with the present contestants the contract might have had a different meaning, but in fact she dealt only with her father, who had complete control of his own property and could have cut off her possibility of inheritance by making a will, regardless of any agreement in which the daughter gave consent. If there was any such purpose in his mind, he did not have to purchase his daughter's consent.

The closing paragraph of the agreement makes clear the intention to deal only with rights existing at the time the agreement was entered into. It declares that the parties "expressly understood and agreed that this is in compromise, full settlement and discharge of every claim held by either of said parties against the other." The recitals of the agreement refer to existing conditions, the amount of the father's indebtedness, the joint tenancy of father and daughter in land, land contracts and mortgages; they preclude the possi-

bility of an agreement with respect to the settlement of M. L. Townsend's estate after his death. Her possibility of inheriting from her father was in no sense a claim which she held against him, and it was therefore not included in the agreement.

*By the Court.*—Judgment affirmed.

NELSON, J., dissents.