Estate of Cortte: Cortte, Executor, Appellant, vs.
Tolzman, Administrator, Respondent.

*December 7, 1938—January 10, 1939.*

For the appellant there was a brief by *Lueck, Skupniewitz & Lueck* of Beaver Dam, attorneys for Adolph Cortte, and *Robert P. Pike* of Portage, guardian *ad litem,* and oral argument by *Arthur W. Lueck.*

*J. E. O'Brien* of Fond du Lac, for the respondent.

FOWLER, J.   The case involves the validity of a postnuptial contract, "construction" of which was prayed by a petition signed by the personal representatives of the parties to the contract filed in the county court in the course of the administration of their estates.   The distribution of the estates of the parties depends upon the validity of the contract. Pursuant to the terms of the contract, when the contract was signed, notes and the mortgages securing them aggregating over $57,000 in value were divided equally between the husband and wife.   Whether the notes divided all ran to the husband alone, to the parties jointly, partly to each or partly to them jointly, does not appear, but in the division assignments were so made that each took title to securities aggregating $28,629.50 in value, and each also took possession of the securities so assigned and continued in possession thereafter.   On the wife's death in 1937, her securities aggregated in value $37,426.09.   On the husband's death in 1938, his aggregated $41,296.27, including the homestead.

The contract was made in 1927 when the parties had been married and had lived together for twenty-five years.   The wife was then fifty-one and the husband about fifty-four years of age.   The parties continued to live together after the execution of the agreement until the wife's death, ten years thereafter.   There had been differences between them

about property matters for some time. It does not appear that the wife had any separate estate, except such if any as had come from her husband. The parties had no children. The purpose of the agreement seems to have been to enable each party to dispose of his or her share to his or her relatives. The contract not only divided the property but provided that each party "relinquished" "all inheritance rights" to the other's property, and the wife agreed to "refrain from any and all attempts to claim her lawful rights in the property" of the husband in case he predeceased her. There was a relinquishment of "all dower and curtesy rights" also, but the only real estate of either party was the homestead owned by the husband, and the contract made specific provision for disposing of the wife's interest in that precisely as is made by the homestead statute. It was further agreed that "each share and share alike" the necessary expenses of their "livelihood during the life" of their agreement.

The husband made a will by which he made specific bequests aggregating $1,500. A separate paragraph bequeathed $5 to his wife with the accompanying recitation "she already being amply provided for by an agreement," referring to the contract above stated. The residue was devised and bequeathed to named relatives of the husband "share and share alike." The wife left no will.

The appellant claims that under the Wisconsin decisions postnuptial agreements are void as contrary to public policy. The decisions relied on were all rendered prior to the enactment of sec. 6.015, Stats. This statute provides that "women shall have the same rights and privileges under the law as men" in several specified respects including "freedom of contract," "holding and conveying property," and almost everything else conceivable, "and in all other respects." This statute was in force when the instant contract was made. It has been construed to apply to married as well as to single

women; to empower married women to make contracts of suretyship "the same as a man could do under similar circumstances," and "to mean what it says, and that is that women shall be as free as men to make personal contract." *First Wis. Nat. Bank v. Jahn,* 179 Wis. 117, 125, 190 N. W. 822. We have also held that a married woman may make a contract of partnership with her husband. *Sparks v. Kuss,* 195 Wis. 378, 216 N. W. 929, 218 N. W. 208. The statute puts husband and wife on a basis of complete equality before the law in every respect. *Wait v. Pierce,* 191 Wis. 202, 209 N. W. 475, 210 N. W. 822. We are of opinion that the statute cited disposes of the matter of public policy relied on by the appellant and validates the contract in suit, unless it is invalid for reasons independent of the statute.

The appellant claims that the contract is invalid because not supported by a consideration from the wife. The contract was under seal. We held in *Bradley Bank v. Pride,* 208 Wis. 134, 137, 242 N. W. 505, that in contracts under seal the consideration can be shown "but not for the purpose of defeating the contract," citing *Kuener v. Smith,* 108 Wis. 549, 84 N. W. 850. See also *Singer v. General Acc., F. & L. Assur. Corp.* 219 Wis. 508, 262 N. W. 702. This seems sufficient to meet this contention.

Appellant attempts to obviate the effect of this rule as to a seal imputing consideration by saying that it applies only to executed contracts and that the instant contract was not fully executed. We are of opinion however that the contract was executed when it was signed and it and the property covered by it were delivered. It is true that the part of the agreement that each party would pay one half of the expense of the family maintenance was not executed at that time, but it has since been executed to the satisfaction of the parties, or if not, neither has made any objection to want of performance by the other and no one else has any right to complain

of nonperformance. The effect of the provision as to sharing expenses of support toward voiding the contract must rest upon other considerations.

Appellant urges that the effect of the agreement to share the living expenses is invalid, and voids the contract in toto. It is true that an agreement of a wife to relieve her husband from supporting her is invalid. *Ryan v. Dockery,* 134 Wis. 431, 114 N. W. 820, 15 L. R. A. (N. S.) 491. Had the wife lost all her property she could have compelled her husband to support her. In this situation one furnishing her necessities under circumstances entitling him to recover for them from the husband but for the agreement could recover. But if a wife agrees to share the expense of the family support and sees fit to abide by the agreement we perceive nothing invalid or against public policy in her doing so, and if she does so we fail to discover that anybody acquires any rights by reason of it.

The appellant assigns as a separate ground of error that the court did not at least distribute to the husband's estate such part of the wife's property as she accumulated after receiving the property from her husband. This is covered by what is said above respecting the validity of the mutual agreement to release rights of inheritance. If such agreements are valid, and we have held that they are (*Estate of Fontaine,* 181 Wis. 407, 195 N. W. 393; *Estate of Townsend,* 229 Wis. 60, 281 N. W. 642; *Estate of Mierzejewski,* 226 Wis. 447, 277 N. W. 172; *Hofmeister v. Hunter, ante,* p. 81, 283 N. W. 330), they apply to after-acquired property as well as property existing at the time the agreement is made.

*By the Court.*—The judgment of the county court is affirmed.