TULLGREN, Appellant, v. SCHOOL DISTRICT No. 1 OF VILLAGE OF WHITEFISH BAY, Respondent.

*February 8—March 6, 1962.*

138

139

140

For the appellant there were briefs by *Irving A. Puchner,* attorney, and *Martin J. Torphy* and *Harold W. Story* of counsel, all of Milwaukee, and oral argument by *Mr. Puchner* and *Mr. Torphy.*

For the respondent there was a brief by *von Briesen & Redmond,* attorneys, and *George F. Redmond* and *John J. Burke* of counsel, all of Milwaukee, and oral argument by *George F. Redmond.*

GORDON, J.  Three principal arguments are advanced by the appellant, Mrs. Tullgren. First, she contends that the assignment to Mr. Herbst on December 12, 1944, did not transfer all her interests in the 1931 and 1941 contracts. Secondly, she contends that the school district had notice of the separate agreement between herself and Mr. Herbst and, therefore, the termination agreement between the school district and Mr. Herbst in 1948 was a violation of her known rights. Finally, she claims that construction of sub-

sequent units of the Whitefish Bay High School were built with plans similar to the Tullgren plans.

## 1. *The Nature of the Assignment.*

The assignment on its face was complete and unqualified. It disposed of all the right, title, and interest held by Mrs. Tullgren. In 6 C. J. S., Assignments, p. 1136, sec. 82, it is stated:

"As a general rule, a valid and unqualified assignment operates to transfer to the assignee all the right, title, or interest of the assignor in the thing assigned, but not to confer upon the assignee any greater right or interest than that possessed by the assignor. It passes the whole right of the assignor, nothing remaining in him capable of being assigned, and the assignor has no further interest in the subject matter of the assignment."

See also 4 Corbin, Contracts, p. 580, sec. 891.

In paragraph 11 of the agreement dated September 23, 1931, the right is given on death or incapacity to assign the contract. In our opinion, a fair reading of paragraph 11 makes it clear that only one assignment was contemplated.

Generally, the words of an assignment must be construed according to their ordinary meaning, unless something in the assignment indicates that they are being used in a special sense. *Estate of Mierzejewski* (1938), 226 Wis. 447, 277 N. W. 172. The assignment by Mrs. Tullgren was expressly made in "accordance with the terms of said contracts and particularly paragraph 11." Paragraph 11 authorized assignment of the contract on the death of Mr. Tullgren, but only on the terms contained in that paragraph. We are of the opinion that the assignment dated December 12, 1944, was absolute. If Mrs. Tullgren reserved any rights or interest in the 1931 and 1941 contracts, such rights were derived solely from her separate agreement with Mr. Herbst.

## 2. *Notice to the School District.*

Paragraph 16 of the trial court's finding reads as follows:

"I find that the school district had no actual knowledge of the existence of the 1944 contract between Mrs. Tullgren and William G. Herbst, was not a party to this contract, and did not take any action to subscribe, approve, or become bound by this contract."

There was conflicting evidence on the question whether the school district had notice of the separate agreement between Mrs. Tullgren and Mr. Herbst. Although there was testimony by an attorney that he mailed a copy of such separate agreement to the school district, the trial judge was not bound to accept such testimony as a fact. This is particularly true where such testimony is in part dependent upon the memory of an individual as to what he had done on a rather-routine matter over fifteen years earlier. The records are by no means conclusive so as to contradict the trial court's finding. In *Ace Associates v. Nagy* (1961), 13 Wis. (2d) 612, 613, 109 N. W. (2d) 359, we said:

"In a trial to the court the court's findings of fact may not be set aside on appeal unless contrary to the great weight and clear preponderance of the evidence. The trier of fact is the judge of the credibility of the witnesses and the weight of the testimony and the inferences to be drawn from the evidence."

Clearly the school district was not a party to the separate agreement between Mrs. Tullgren and Mr. Herbst. In the absence of a finding that the school district had notice of such separate agreement, there is no basis for charging the school district with liability under such contract.

## 3. *The Use of the Tullgren Plans.*

The trial court also entered findings that the Tullgren plans were not utilized in the construction of the high-school

addition and that the plans actually used differed materially from those of Mr. Tullgren "in the basic scheme of the design and appearance."

The testimony of two architects, Mr. Johnson and Mr. Brust, demonstrated that different plans were used. The latter architect testified as follows:

"My opinion is that the building as constructed was completely different than that which was planned. My reasons are that the form and function of the new building do not compare with the form and function of the originally planned building. I would say the traffic flow and the relationship of this building with the adjoining buildings was completely different."

It is noted that even Mr. Kramer, the architect who testified on behalf of Mrs. Tullgren, acknowledged that there was a large difference in area between the two sets of plans. The findings of the trial court relative to the use of the plans may not be disturbed on this appeal.

### 4. The School District's Appeal.

The school district has appealed from the order which denied its motion to dismiss the action against it on the grounds that the settlement on the part of Mrs. Tullgren with Herbst wholly disposed of the plaintiff's claims. In view of our conclusion that the judgment in favor of the school district dismissing the complaint on the merits must be affirmed, it becomes unnecessary to review the appeal of the order denying the motion to dismiss. The issue has become moot and for that reason the school-district's appeal will be dismissed. See *Wisconsin E. R. Board v. Allis-Chalmers Workers' Union* (1948), 252 Wis. 436, 32 N. W. (2d) 190, and *Lamoreux v. Williams* (1905), 125 Wis. 543, 104 N. W. 813.

*By the Court.*—Judgment affirmed; appeal from order dismissed.