RAY, Appellant, v. RAY, Respondent.

*No. 195.   Argued January 3, 1973.—Decided January 30, 1973.*
(Also reported in 203 N. W. 2d 724.)

78

For the appellant there was a brief by *Campbell, Brennan, Steil & Ryan, S. C.,* and *James E. Welker* of Janesville, and oral argument by *Mr. Welker.*

For the respondent there was a brief by *Hansen, Eggers, Berres & Kelley, S.C.,* and *Larry J. Eggers,* all of Beloit, and oral argument by *Larry J. Eggers.*

HANLEY, J. Two issues are presented on this appeal:

■ Was it error for the trial court not to make its own independent determination, apart from the agreement, that plaintiff was adequately provided for; and

■ Is a postnuptial agreement which settles all property rights between the parties, including future alimony, void as against public policy.

*Independent determination by trial court.*

In its memorandum decision the trial court stated:

"The court finds it virtually unnecessary to determine whether or not the plaintiff in this case has been adequately provided for . . . ." It is evident from a careful reading of the entire decision that it felt duty bound in the absence of fraud to enforce the agreement.

Plaintiff contends that the agreement was subject to court approval under sec. 247.10, Stats. 1969. Defendant, on the other hand, takes the position that the trial court was correct in limiting itself to a simple enforcement of the agreement. We find no merit in defendant's contention.

The trial court was of the opinion that the only authority on point was *Estate of Beat* (1964), 25 Wis. 2d 315, 130 N. W. 2d 739. In *Beat,* this court refused to invalidate a postnuptial agreement on the ground that it was fraudulently induced. The challenge to the agreement came in a probate proceeding rather than in a divorce proceeding. The wife was claiming the right to share in her husband's estate under law rather than under the terms of the agreement. In no way did the case involve disposition of property in a divorce proceeding, clearly distinguishing that case from the instant case.

The general rule governing postnuptial agreements is set forth in 1 Lindey, *Separation Agreements and Antenuptial Contracts* (rev. ed. 1964), at page 3–6, and is stated as follows:

"Post-nuptial agreements fall into two classes: (a) family settlements, which contemplate a continuation of the marriage relation, and (b) separation agreements . . . which are made after separation or in contemplation of a separation in the immediate future.

"A family settlement is one entered into between husband and wife whereby property is transferred from one to the other, or mutual transfers are effected, or marital property rights are fixed.

"Where the spouses are past middle age, and have had children by their prior marriages, it is not uncommon for them to enter into a family settlement under which they agree that the husband's property will go to his children or relatives, and the wife's property to her children or relatives."

Postnuptial agreements of the family settlement variety have been sustained by this court on several occasions. *Estate of Beat, supra; Estate of Nickolay* (1946), 249 Wis. 571, 25 N. W. 2d 451; *Estate of Cortte* (1939), 230 Wis. 103, 283 N. W. 336. Because this court has recognized the integrity behind a man or woman's desire to provide for his or her own children after death before providing for a new spouse, the review of such cases has been for the most part limited to the question of whether the agreement was fraudulent induced and in the absence of fraud or overreaching, they have been held binding on the courts. Radically different consequences and considerations come into play, however, when a court is requested to incorporate in its judgment the provisions of a separation agreement entered into at or immediately prior to separation and which attempts to limit rights and liabilities between the parties after a divorce.

The legislature has embodied the very essence of the distinction between these two types of postnuptial contracts in sec. 247.10, Stats. 1969, which provides as follows:

"No judgment of annulment, divorce or legal separation shall be granted if it appears to the satisfaction of the court that the suit has been brought by collusion, and no judgment of divorce or legal separation shall be granted if it likewise appears that the plaintiff has procured or connived at the offense charged, or has condoned it, or has been guilty of adultery not condoned; *but the parties may, subject to the approval of the court, stipulate for a division of estate, for alimony, or for the support of children, in case a divorce or legal separation is granted or a marriage annulled."* (Emphasis supplied.)

The language of the statute is clear and nowhere is it stated that its application is limited solely to a stipulation or agreement which is entered into after formal commencement of a divorce action. The determining factor necessitating court approval is not when the agreement is made but rather when one of the parties asserts that its provisions be incorporated in a subsequent judgment of divorce.

Support for such a construction of sec. 247.10, Stats., can be found in the case of *Miner v. Miner* (1960), 10 Wis. 2d 438, 103 N. W. 2d 4 where the court at page 443, stated:

"In this case it appears there was a stipulation or consent of the parties in open court which became the adjudication of the court. However, there may be situations in which the parties enter into a formal contract or written agreement outside of court in which they finally settle all their financial rights and duties toward each other in contemplation of the uncertainties of the future. *Sec. 247.10, Stats., . . . requires only that a contract or stipulation be approved by the court; it does not require the court to provide in its judgment the terms thereof as an adjudication . . . ."* (Emphasis added.)

In Wisconsin, approval of such agreements is necessary to uphold the active third-party interests which the state has in divorce cases.

The duty which the courts of this state have with regard to such agreements was set forth in *Miner, supra,* at page 443, and reaffirmed most recently in *Bliwas v. Bliwas* (1970), 47 Wis. 2d 635, 639, 178 N. W. 2d 35.

"The court has the same serious duty to examine carefully such agreements or stipulations against the background of full information of the economic status and resources of the parties as it has in making a determination without the aid of such an agreement. . . . There is no such thing in this state as a divorce by consent or agreement. The parties cannot by stipulation proscribe, modify, or oust the court of its power to determine the disposition of property, alimony, support, custody, or other matters involved in a divorce proceeding. When a court follows and adopts an agreement of the parties making it a part of its judgment, *the court does so on its own responsibility, and the provisions become its own judgment.*" (Emphasis added.)

The defendant would have this court hold that parties could circumvent the public policy of the state, and the duty of our courts to enforce it merely by entering into such an agreement on the day before a formal divorce proceeding is begun. This position must be rejected, and the cause remanded to the trial court for an independent determination as to the adequacy of the provisions it makes for the plaintiff wife.

Because this case must be remanded for an independent determination by the trial court concerning the adequacy of the agreement under law, we need not reach the issue of the voidability of a separation agreement which relieves a husband of his duty to pay alimony.

*By the Court.*—That part of the judgment which incorporated the agreement as a complete settlement of their property is reversed, and the cause is remanded to the trial court for further proceedings not inconsistent

with this opinion. In all other respects, the judgment is affirmed. No costs are to be taxed in this court.