IN RE the MARRIAGE OF:

Jami L. VAN BOXTEL, Petitioner-Appellant-Cross-Respondent-Petitioner,

v.

Brent F. VAN BOXTEL, Respondent-Respondent-Cross-Appellant.

Supreme Court

*No. 99–0341. Oral argument February 7, 2001.—Decided May 2, 2001.*

2001 WI 40

(Also reported in 625 N.W.2d 284.)

For the petitioner-appellant-cross-respondent-petitioner there were briefs by *John Miller Carroll* and

*John Miller Carroll, S.C.*, Milwaukee, and oral argument by *John Miller Carroll*.

For the respondent-respondent-cross-appellant there was a brief by *David J. Van Lieshout* and *Menn, Teetaert & Beisenstein, Ltd.*, Little Chute, and oral argument by *David J. Van Lieshout.*

¶ 1. ANN WALSH BRADLEY, J. In this divorce action, the petitioner, Jami L. Van Boxtel, seeks review of an unpublished decision of the court of appeals upholding the circuit court's refusal to enforce a written property division agreement between the petitioner and the respondent, Brent F. Van Boxtel.[1] The petitioner asserts that the terms of the agreement are binding on the respondent and the circuit court pursuant to Wis. Stat. § 767.255(3)(L) (1995–96)[2] and that the circuit court erred in refusing to incorporate the agreement into its judgment. We disagree.

¶ 2. We conclude that because the agreement was entered into after divorce proceedings commenced, it is a stipulation under Wis. Stat. § 767.10(1). We also conclude that the respondent repudiated his consent to that stipulation and, therefore, we uphold the circuit court's refusal to incorporate it into the judgment. Accordingly, we affirm the decision of the court of appeals.

¶ 3. The relevant facts are not in dispute. The petitioner and respondent married in July 1994. At the

---

[1] *Van Boxtel v. Van Boxtel*, No. 99–0341, unpublished slip opinion (Wis. Ct. App. April 11, 2000) (affirming the judgment of the Circuit Court for Outagamie County, John A. Des Jardins, Judge).

[2] Unless otherwise noted, all subsequent references to the Wisconsin Statutes are to the 1995–96 version.

time of the marriage, the petitioner owned a home on Walter Avenue in Appleton. The respondent also owned property in Appleton, which was sold shortly after the marriage. With the proceeds of this sale, the couple then built a new home. The Walter Avenue property was subsequently sold in April 1996.

¶ 4.   One month later, in May 1996, the petitioner filed for divorce. Shortly thereafter, she sought to purchase her own home. To obtain the necessary financing, the petitioner's lender required that the petitioner secure certain proceeds from the sale of the Walter Avenue property. In meeting this requirement, the petitioner asked the respondent to sign an agreement foregoing his interest in the Walter Avenue proceeds as well as any interest in the petitioner's new home.

¶ 5.   The agreement specifically stated that the parties were "currently in the middle of a court proceeding for divorce," and further provided:

> Now, Therefore, in consideration of the mutual covenants of this Agreement, the parties agree as follows:
>
> 1.   That the [Walter Avenue property] and the net proceeds from the sale of such residence has [sic] always been and shall continue to be the individual property of [the petitioner].
>
> 2.   That a certain parcel of real estate located at 213 West Parkway Boulevard. . .or any other property purchased with the proceeds from the sale of the above mentioned real estate shall be classified as the individual property of [the petitioner].
>
> 3.   That [the respondent] waives and releases all claims or rights he might otherwise have pursuant to Chapters 766 and 767 of the Wisconsin Statutes

to [the Walter Avenue property], the proceeds from the sale of the same and any replacement residence purchased with such sale proceeds.

The parties signed the agreement on January 27, 1997.

¶ 6. Approximately six months after the agreement was signed, the petitioner moved for partial summary judgment seeking to enforce the agreement and preclude the respondent from making any claims to the proceeds from the sale of the Walter Avenue property. In response, the respondent submitted an affidavit contesting the agreement. In his affidavit, the respondent set forth facts challenging the validity of the agreement and asserted that "no agreement has been reached concerning the property division." The record contains no ruling on the petitioner's motion and the matter was left to be resolved at trial.

¶ 7. At the following June 1998 trial, the petitioner pursued enforcement of the agreement and incorporation of it into the divorce judgment. The respondent continued to challenge the validity of the agreement. He presented evidence to support his position that he was pressured and rushed into signing the agreement and that it was entered prior to review by his attorney.

¶ 8. In making its property division determination, the circuit court concluded that the agreement was invalid and refused to incorporate it into the divorce judgment.[3] The court was persuaded that the agreement was not entered into voluntarily and ultimately concluded that, under the totality of the circumstances, the agreement was inequitable. The

---

[3] In reaching this conclusion, the circuit court did not expressly identify the nature of the agreement under the statutes, but termed it a "postnuptial agreement or contract."

court thus refused to enforce the agreement and divided the proceeds from the Walter Avenue property equally between the parties.

¶ 9. The petitioner appealed and the court of appeals affirmed. She maintained that the agreement was properly executed under Wis. Stat. § 766.58 and enforceable upon divorce pursuant to § 767.255(3)(L). The court of appeals rejected the petitioner's argument and concluded that because the agreement was signed after divorce proceedings had commenced, it was a stipulation subject to court approval under § 767.10(1). Because the circuit court had not approved the agreement and, in fact, found it to be inequitable to the respondent, the court of appeals found that the circuit court did not err in refusing to enforce the agreement.

¶ 10. The specific issues presented to this court are whether the agreement between the parties is a stipulation under § 767.10(1) or a binding agreement under § 767.255(3)(L) and, in turn, whether the circuit court properly refused to incorporate the agreement into its judgment. Although the petitioner challenged numerous aspects of the circuit court's property division before the court of appeals, she has asked this court to review only the court of appeals' characterization of the agreement and the agreement's enforceability. The respondent concurs that these are the only matters before this court.[4]

---

[4] We have not been asked to review the entirety of the circuit court's determinations regarding the division of the parties' property. Rather, the petition for review and the briefs of both parties state the issue presented for review as follows: "When a husband and wife, during marriage but after the commencement of divorce proceedings, enter into a written marital property agreement classifying a piece of real estate as the individual property of the wife, should that agreement be

¶ 11.   This examination presents us with a question of statutory construction as it arises during the review of a circuit court's exercise of discretion. Generally, a division of property in a divorce action will be upheld absent an erroneous exercise of discretion. *Cook v. Cook*, 208 Wis. 2d 166, 171, 560 N.W.2d 246 (1997). However, statutory construction is a question of law that we review independently of the determinations rendered by the circuit court and the court of appeals. *Blazekovic v. City of Milwaukee*, 2000 WI 41, ¶ 9, 234 Wis. 2d 587, 610 N.W.2d 467. When interpreting a statute, this court seeks to identify and effectuate the intent of the legislature. *Stockbridge Sch. Dist. v. DPI Sch. Dist. Boundary Appeal Bd.*, 202 Wis. 2d 214, 219, 550 N.W.2d 96 (1996).

¶ 12.   We first address whether the court of appeals erred in characterizing this written agreement as a stipulation under Wis. Stat. § 767.10(1). The petitioner contends that the agreement is properly governed by § 767.255(3)(L) and is binding upon the parties and the circuit court. She maintains that because the parties intended to be bound by the agreement, the court should not treat it as a stipulation.[5] The respondent, however, argues that the agreement is a § 767.10(1) stipulation subject to the approval of the

enforced in making the property division in a divorce proceeding?"

[5] In her briefs to this court, the petitioner argued, much like she did to the court of appeals, that the agreement was a binding marital property agreement under Wis. Stat. § 766.58. However, at oral argument the petitioner acknowledged that the issue in this case is the status of the agreement under chapter 767. We thus do not address any prior contentions regarding chapter 766.

court. He asserts that any agreement between spouses signed after a filing for divorce is a stipulation.

¶ 13. The parties dispute the statutory characterization of the agreement because the classification of the agreement as either a § 767.10(1) stipulation or a § 767.255(3)(L) agreement determines the degree of flexibility a circuit court has in incorporating the agreement into its judgment. An agreement under § 767.255(3)(L) is binding upon the court unless the terms of the agreement are "inequitable as to either party." Wis. Stat. § 767.255(3)(L). Such agreements are presumptively equitable. *Id.* In contrast, a § 767.10(1) divorce stipulation is only enforceable "subject to the approval of the court." Wis. Stat. § 767.10(1). Such a stipulation is merely a "recommendation jointly made by [the parties in a divorce action] to the court suggesting what the judgment, if granted, is to provide." *Bliwas v. Bliwas*, 47 Wis. 2d 635, 638, 178 N.W.2d 35 (1970).

¶ 14. We conclude that any agreement regarding the division of property entered into between spouses after divorce proceedings have commenced is a stipulation under § 767.10(1) and is therefore subject to the approval of the court. This conclusion is dictated by the language of the statute, controlling precedent, and the public policy considerations implicated when divorcing spouses enter into agreements.

¶ 15. We turn to the language of the statutes. The parties' dispute centers around whether § 767.10(1) or § 767.255(3)(L) applies to the agreement at issue. Section 767.10(1) enables spouses in an action for divorce to stipulate to certain matters relevant to

their divorce judgment, subject to the approval of the court. The statute specifically provides:

> The parties in an action for an annulment, divorce or legal separation may, subject to the approval of the court, stipulate for a division of property, for maintenance payments, for the support of children, for periodic family support payments under s. 767.261 or for legal custody and physical placement, in case a divorce or legal separation is granted or a marriage annulled.

Wis. Stat. § 767.10(1).

¶ 16. Section 767.255 governs the circuit court's division of property upon divorce. The statute directs the court to equally divide between the parties all property that is not a gift or inheritance. Wis. Stat. § 767.255(3). The court may alter this distribution upon considering a variety of factors, including certain written agreements under § 767.255(3)(L). That provision allows the court to consider:

> Any written agreement made by the parties before or during the marriage concerning any arrangement for property distribution; such agreements shall be binding upon the court except that no such agreement shall be binding where the terms of the agreement are inequitable as to either party. The court shall presume any such agreement to be equitable as to both parties.

Wis. Stat. § 767.255(3)(L).

¶ 17. The petitioner argues that § 767.255(3)(L) broadly applies to any agreement entered into "before or during the marriage." We note, however, that § 767.10(1) specifically applies to agreements entered into by "parties in an action for. . .divorce." Although § 767.255(3)(L) does not expressly exclude agreements

executed after the filing of divorce, the classification of a post-filing agreement as a stipulation derives from the limitation found in § 767.10(1). Because § 767.10(1) more specifically addresses agreements regarding the division of property entered into after the filing for divorce, it is the applicable statute in this circumstance. *See State ex rel. Auchinleck v. Town of LaGrange*, 200 Wis. 2d 585, 595–96, 547 N.W.2d 587 (1996) (specific statutory provisions generally take precedence over general provisions).

¶ 18.    In addition to the statutory language, our conclusion is required by precedent. The court of appeals addressed facts similar to the present case in *Evenson v. Evenson*, 228 Wis. 2d 676, 598 N.W.2d 232 (Ct. App. 1999). In that case, a divorcing couple entered into an agreement after a petition for divorce had been filed but before the divorce judgment was entered.[6] The agreement in *Evenson* was entitled a Limited Marital Property Agreement and covered each parties' rights as to their marital residence, the husband's new residence, and their various financial assets. Prior to judgment, the husband sought to withdraw from a portion of the agreement, while the wife sought enforcement of the agreement and incorporation of it into the divorce judgment. The parties' dispute presented the identical question of law posed by today's case: "whether the document presented to the court

[6] We acknowledge that another recent court of appeals' decision concluded that an agreement entered into prior to the filing for divorce, but made in contemplation of divorce, was a § 767.10(1) stipulation. *Ayres v. Ayres*, 230 Wis. 2d 431, 602 N.W.2d 132 (Ct. App. 1999). We need not examine the court of appeals' conclusion in that case. Today's decision addresses only agreements entered into after divorce proceedings are commenced.

was a binding agreement pursuant to § 767.255(3)(L), Stats., or a divorce stipulation pursuant to § 767.10(1)." *Id.* at 681.

¶ 19.  The court of appeals concluded that because "the agreement was executed *after* the parties filed for divorce," it was a divorce stipulation governed by § 767.10(1). *Id.* at 686 (emphasis in original). Thus, to adopt the petitioner's characterization of the agreement before us would essentially require us to overrule *Evenson*, a case that remains controlling precedent. While the agreement in *Evenson* was broader in scope than the agreement before us, the scope of the property agreement is not determinative of its classification under the divorce statutes.

¶ 20.  Much like the court in *Evenson*, we also examine the public policy considerations that inform our decision. In *Evenson*, the court of appeals relied heavily upon the public policy concerns enunciated by this court in *Ray v. Ray*, 57 Wis. 2d 77, 203 N.W.2d 724 (1973). We too believe the principles articulated in *Ray* support the determination that all agreements entered into after the filing for divorce regarding the division of the parties' property are stipulations under § 767.10(1).

<span style="background:black">██</span>

¶ 21.  In *Ray*, this court recognized the need for court approval of agreements made between spouses after divorce proceedings are commenced due to the active third-party interests that the state has in divorce cases. *Id.* at 82. As we emphasized in *Ray*, once parties invoke the jurisdiction of the court, and the court is given the authority to determine the disposition of property upon divorce, parties cannot then oust the court of this authority. *Id.* at 84. The court's interest in divorce cases and its role in approving

agreements made during divorce proceedings are safe-guarded by treating such agreements as stipulations under § 767.10(1). Unlike § 767.255(3)(L), § 767.10(1) provides the circuit court with the flexibility and control necessary to carry out this authority.

¶ 22. The petitioner maintains that the concerns articulated in *Ray* are not applicable under the current divorce statutes. When this court decided *Ray*, § 767.255(3)(L) had not yet been enacted.[7] The only statute that contemplated the incorporation of marital agreements into a divorce judgment at that time was Wis. Stat. § 247.10 (1969), the predecessor to § 767.10(1).[8] The petitioner asserts that the subsequent enactment of § 767.255(3)(L) should be viewed as a limitation on the holding of *Ray* because the statute requires the court to enforce agreements governed by this statute unless they are inequitable.

¶ 23. Although the divorce statutes have changed since *Ray* was decided, the policy concerns underlying *Ray* have not. *Ray* emphasized the need for judicial approval of agreements that have not been made in contemplation of a continued marital relation-ship. *Id.* at 82. This need for judicial approval of such agreements continues as embodied in § 767.10(1). Moreover, the statutory recognition of agreements under § 767.255(3)(L) since *Ray* does not alter the court's interest and authority described in *Ray*. Section

---

[7] Wisconsin Stat. § 247.255(11) was enacted in 1977. It was later renumbered to Wis. Stat. § 767.255(11), and is now Wis. Stat. § 767.255(3)(L).

[8] Section 247.10 provided that "the parties may, subject to the approval of the court, stipulate for a division of estate, for alimony, or for the support of children, in case a divorce or legal separation is granted or a marriage annulled." Wis. Stat. § 247.10 (1969).

767.255(3)(L) agreements implicate different concerns and further different goals. As we explained in *Button v. Button*, 131 Wis. 2d 84, 94, 388 N.W.2d 546 (1986), § 767.255(3)(L) serves the function of bringing certainty into a marriage. This certainty encourages marriage and "may be conducive to marital tranquility by protecting the financial expectations of the parties." *Id.*

¶ 24. Marital tranquility is not furthered by agreements entered into after divorce proceedings have commenced. Once spouses have filed for divorce, they are no longer contemplating a continued marital relationship. As such, additional judicial oversight is necessary to ensure that the needs of the parties are met. Section 767.10(1) embodies these concerns in requiring court approval of agreements made by parties in an action for divorce.

¶ 25. Having determined from our review of the statutory language, precedent, and public policy that § 767.10(1) governs the agreement at issue, we now turn to the circuit court's refusal to enforce the stipulation and incorporate it into the divorce judgment. Such a discretionary determination will be upheld in the absence of an error in law or the failure of the court to base its decision upon facts in the record. *King v. King*, 224 Wis. 2d 235, 248, 590 N.W.2d 480 (1999). In the case at hand, the circuit court reached the correct result in declining to enforce the agreement. The court's refusal to incorporate the stipulation into the judgment was warranted by the respondent's repudiation of his consent to the stipulation. We may sustain a circuit court's decision even though our rationale for doing so may differ from that of the circuit court where controlling legal authority and the record support the

decision. *Schauer v. DeNeveu Homeowners Ass'n*, 194 Wis. 2d 62, 71, 533 N.W.2d 470 (1995).

¶ 26.  As previously explained, a stipulation is no more than an understanding of what the parties desire and recommend to the court. *Bliwas*, 47 Wis. 2d at 638; *see also Miner v. Miner*, 10 Wis. 2d 438, 444, 103 N.W.2d 4 (1960) ("A stipulation. . .does not rise to the dignity of a contract."). A party is free to withdraw from this recommendation until it is incorporated into the divorce judgment. *Evenson*, 228 Wis. 2d at 686; *Norman v. Norman*, 117 Wis. 2d 80, 82, 342 N.W.2d 780 (Ct. App. 1983). The repudiation of consent to a stipulation by a party may render the stipulation non-existent. Thereafter a court's refusal to incorporate it into the judgment cannot be said to be an erroneous exercise of discretion. *Norman*, 117 Wis. 2d at 82.

¶ 27.  In the case at hand, the respondent continuously disavowed the stipulation at issue. From the first instance that the petitioner sought enforcement of the stipulation, the respondent challenged the agreement, contesting its validity. Because this constitutes a repudiation of the respondent's consent, the circuit court did not erroneously exercise its discretion in refusing to incorporate the stipulation into its judgment.

¶ 28.  In sum, we conclude that because the agreement between the petitioner and respondent was entered into after divorce proceedings commenced, it is a stipulation under Wis. Stat. § 767.10(1). We thus uphold the circuit court's refusal to incorporate the stipulation into its judgment, because the respondent repudiated his consent. Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.