PER CURIAM.
¶ 1 Daniel Heineman appeals a divorce judgment that was based upon the parties' stipulation to matters concerning custody, placement, and support of their three minor children. Daniel argues the circuit court erred by adopting the parties' stipulation, by incorporating the terms of the parties' stipulation without the court making proper findings of fact, and by failing to hold an evidentiary hearing before deciding any matters that had not been resolved by the parties' stipulation. We reject these arguments and affirm.
BACKGROUND[1]
¶ 2 Kristin and Daniel were married in 2004. At the time Kristin petitioned for divorce in 2015, the parties had three minor children. The court commissioner entered a temporary order that awarded Kristin both custody and primary physical placement of the minor children. The temporary order included periods of physical placement with Daniel. The parties agreed to a summer and holiday schedule that was included in an attachment to the temporary order.
¶ 3 Concerned about Daniel's conduct with the children, Kristin filed a motion to amend the temporary order. The parties stipulated that Kristin would have exclusive placement of the children, with a weekly period of visitation for one of the children with Daniel. Approximately one month later, the commissioner entered an order observing that the visitation between Daniel and the child was not taking place as set forth in the supplemental temporary order. The parties agreed that a guardian ad litem was necessary, and attorney Thomas Dahle was appointed to represent the children. Several additional proceedings were held before the court commissioner related to the children's placement.
¶ 4 In April 2016, the parties advised the circuit court they had reached an agreement regarding property division and the only outstanding issues were related to the custody, placement, and support of the children. The court commissioner then held open the matters relating to the children and granted the parties a judgment of divorce.
¶ 5 Daniel had initially proceeded pro se, but he was represented by counsel by the time of a morning pretrial hearing in September 2016. The parties requested that the hearing be reset for the afternoon and, in the interim, reached an agreement that, in the words of Kristin's attorney, "resolved the matter in its entirety." Because the parties had already been granted a divorce, Kristin's attorney proposed to recite the terms of the agreement in open court, to verify that each party agreed to the terms as recited, and then after the hearing, to file with the court a marital settlement agreement signed by both of the parties.
¶ 6 After Kristin's attorney recited the terms of the agreement, the circuit court asked Daniel's attorney whether Kristin's attorney had correctly stated the parties' agreement. Daniel's counsel confirmed that the agreement as stated was correct and that there were no terms omitted or overlooked. The parties also each personally confirmed that the agreement as recited was accurate and correct, that there were no unstated terms, and that the agreement was in the children's best interests. The guardian ad litem concurred that the agreement reached by the parties was in the children's best interests. Kirstin's attorney agreed to draft a stipulation consistent with the agreement placed on the record.
¶ 7 No written agreement between the parties was forthcoming. Shortly after the hearing, Kristin's attorney filed a motion to withdraw and requested that a money judgment be entered against Kristin for his fees. Prior to the withdrawal request, however, Kristin's attorney had drafted the parties' agreement on the children-related matters, both as an amendment to the marital settlement agreement and as an amendment to the prior divorce judgment.
¶ 8 At a status conference on November 8, 2016, Daniel stated he had received some of these documents from Kristin's attorney but he was objecting to their content because "the copy [he] received does not match what was put on record in the transcripts [in] September." The court granted Kristin's attorney's motion to withdraw and ordered Daniel to submit a proposed order based on his understanding of the parties' agreement. It also requested that Kristin's attorney provide the documents he initially prepared following the September hearing, and that Daniel submit a document identifying the provisions in those documents with which he disagreed. The court stated it would then "review all [documents] and compare [them] against the transcript and then sign one of them."
¶ 9 Following additional submissions in which the parties objected to each other's proposals, the circuit court entered an amended judgment of divorce that contained its findings of fact, conclusions of law and judgment as to the children-related matters. The children-related provisions of the judgment were generally consistent with the proposed amendments Kristin's attorney had made to the marital settlement agreement before his withdrawal. Daniel now appeals.
DISCUSSION
¶ 10 A circuit court has discretion to determine child custody and placement matters based upon the child's best interests. Rosecky v. Schissel , 2013 WI 66, ¶ 29, 349 Wis. 2d 84, 833 N.W.2d 634. Likewise, child support and related matters are committed to the court's discretion. Sellers v. Sellers , 201 Wis. 2d 578, 585, 549 N.W.2d 481 (Ct. App. 1996). "As long as the [circuit] court reaches a rational, reasoned decision based on the application of the correct legal standards to the record facts, the ... court's exercise of discretion will be affirmed on appeal." Id.
¶ 11 Daniel requests that we vacate the amended divorce judgment, require the circuit court to hold an evidentiary hearing, and mandate that the court exercise its discretion by applying the "best interests of the child" standard. In the alternative, he requests that any provision of the amended judgment be stricken that was not either: (1) orally agreed to on the record by the parties at the September 2016 hearing; or (2) reduced to writing and signed by both parties. In all events, he seeks to have the circuit court determine anew the "contested" issues.
¶ 12 Daniel advances three reasons for requesting this relief. First, he argues the circuit court erred by adopting the terms relating to custody and placement of the minor children as agreed to by the parties at the September 2016 hearing. Second, he argues the court incorporated the terms of the parties' stipulation without making proper findings of fact. Finally, Daniel argues that the court was required to hold a further evidentiary hearing to decide any matters that were not resolved by the parties' stipulation. We reject these arguments.
¶ 13 We first address whether the circuit court erred by adopting the terms of the parties' stipulation. Stipulations as to custody and physical placement decisions are permitted under WIS. STAT. § 767.34(1), subject to court approval. "A stipulation under this provision is 'merely a recommendation jointly made by [the parties in a divorce action] to the court suggesting what the judgment, if granted, is to provide.' " Hottenroth v. Hetsko , 2006 WI App 249, ¶ 12, 298 Wis. 2d 200, 727 N.W.2d 38 (quoting Van Boxtel v. Van Boxtel , 2001 WI 40, ¶ 13, 242 Wis. 2d 474, 625 N.W.2d 284 ) (alteration in Van Boxtel ). The court may decide whether to adopt a stipulation, and once the court decides to do so, the party's right to withdraw from the stipulation comes to an end. Id. , ¶ 26.
¶ 14 To the extent Daniel argues the circuit court erred by adopting the parties' stipulation, we disagree. The parties recited the terms of their agreement on the record, in open court, as required by WIS. STAT. § 807.05. The court questioned the parties and the guardian ad litem about the terms of the stipulation to ensure that it was voluntary and consistent with both the parties' agreement and the best interests of the children. Daniel and Kristin, as well as Daniel's attorney, agreed that the terms set forth by Kristin's attorney were consistent with the parties' agreement, thereby demonstrating a "meeting of the minds." "[O]ral stipulations made in open court during trial, taken down by the reporter and acted upon by the parties and the court are valid and binding." Schmidt v. Schmidt , 40 Wis. 2d 649, 654, 162 N.W.2d 618 (1968).
¶ 15 At the conclusion of the September 2016 hearing, the circuit court signaled its intention to adopt the parties' stipulation by asking Kristin's counsel whether it would be submitted in the form of an agreement signed by the parties or an order for the court to sign.[2] Daniel's subsequent change of heart regarding the stipulation does not warrant reversal in light of his assertion in September 2016 that the parties' agreement was correctly stated on the record, complete, and consistent with the children's best interests.
¶ 16 Daniel does not clearly argue that the circuit court's amended judgment deviated from the terms of the stipulation the parties put on the record in September 2016. Rather, he argues that because the stipulation was only a "partial agreement," it was in fact not an agreement at all. Daniel, however, cites no authority for the proposition that a stipulation is valid only if the parties agree on every detail to be decided in the litigation. Moreover, any such rule would run contrary to this state's public policy, which is to encourage partial settlements as serving the interests of the parties and promoting judicial economy. See Danbeck v. American Family Mut. Ins. Co. , 2001 WI 91, ¶ 21, 245 Wis. 2d 186, 629 N.W.2d 150.
¶ 17 Next, Daniel asserts the circuit court erred by making insufficient factual findings. Specifically, he argues the court failed to comply with WIS. STAT. § 767.41(5), which sets forth sixteen factors the court must consider to ascertain the best interests of the children when making custody and physical placement determinations. However, when such determinations are the subject of a stipulation, it is usually not necessary for the circuit court to conduct a "full-scale, 'contested case' inquiry." See Luhman v. Beecher , 144 Wis. 2d 781, 786-88, 424 N.W.2d 753 (Ct. App. 1988) ; accord Marotz v. Marotz , 80 Wis. 2d 477, 484, 259 N.W.2d 524 (1977). In any event, the court's amended divorce judgment contains findings on the custody and placement issues, including its recognition that Daniel was a "fit and proper" person to have joint legal custody with Kristin over two of the children and its findings related to the children's best interests. Moreover, we search the record to sustain the circuit court's exercise of discretion. See McCleary v. State , 49 Wis. 2d 263, 282, 182 N.W.2d 512 (1971). Here, the record contains ample material regarding the subsec. 767.41(5) factors to support the court's discretionary determinations.
¶ 18 Finally, Daniel argues the circuit court erroneously exercised its discretion by including terms in the amended divorce judgment that the parties did not specifically agree upon. He seems primarily to take issue with the children's holiday schedule. At the September hearing, Kristin's attorney stated the parties had agreed to a holiday placement schedule, but he stated he would "not specifically identify each and every holiday at this point, but I will follow it up with a holiday placement schedule as an attachment to the Martial Settlement Agreement that is to be signed by both parties." The court acknowledged in the amended divorce judgment that the holiday placement schedule "was not reduced to writing or orally placed on the record." However, the court wrote it "did its best to identify the areas of agreement from the parties' written submissions, but where both parties wanted placement for the same holiday, the Court elected to alternate the placement."
¶ 19 Any assertion that the circuit court erroneously exercised its discretion by adopting terms not specifically agreed to by the parties is without merit. Daniel never comes to terms with the notion that courts exist to resolve disputes. Absent a stipulation, the circuit court would have been required to determine a holiday placement schedule for the children. The court did not erroneously exercise its discretion by attempting to reach a determination within the scope of the parties' stipulation and, absent that, awarding alternating placement.
¶ 20 Daniel also argues his due process rights were violated by the circuit court's failure to hold a further evidentiary hearing. We reject this argument as undeveloped. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). The court held two hearings regarding the parties' stipulation and requested written submissions from the parties. Daniel had considerable opportunities to be heard, and the record was sufficient for the court to make its determinations given the parties' stipulation. Ultimately, nothing Daniel cites establishes that the circuit court must hold an evidentiary hearing merely because a party requests it.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Kristin was represented by an attorney in the divorce proceedings. Danial proceeded pro se initially, but later retained counsel. Daniel is represented by counsel on appeal, while Kristin is proceeding pro se. Despite having legal representation, Daniel's brief in many instances lacks appropriate record citations as required by Wis. Stat. Rule 809.19(1)(d)-(e) (2015-16). Kristin's brief also lacks appropriate record citations, citing in some instances only to Daniel's appendix. This is inappropriate even for a pro se litigant. See Waushara Cty. v. Graf , 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) ("Pro se appellants must satisfy all procedural requirements, unless those requirements are waived by the court."). Additionally, both parties improperly use party designations in lieu of the parties' names. See Wis. Stat. Rule 809.19(1)(i) (2015-16).
We remind all parties that this is a high-volume court. State v. Bons , 2007 WI App 124, ¶ 21, 301 Wis. 2d 227, 731 N.W.2d 367. Compliance with the Rules of Appellate Procedure, particularly those rules regarding accurate record citation, is not optional and is essential to the timely performance of our duties. See Keplin v. Hardware Mut. Cas. Co. , 24 Wis. 2d 319, 324, 129 N.W.2d 321 (1964). This court has no duty to scour the record to review arguments unaccompanied by adequate record citation. Roy v. St. Lukes Med. Ctr. , 2007 WI App 218, ¶ 10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256.
All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Because the circuit court expressed its clear intention to adopt the parties' stipulation, we reject Daniel's assertion that he could repudiate the stipulation at any time before the court entered its amended judgment of divorce.