IN RE the MARRIAGE OF: William Russell NORMAN, Petitioner-Respondent,

v.

Joanne C. NORMAN, Appellant.

Court of Appeals

*No. 82–1974. Submitted on briefs August 19, 1983.— Decided December 27, 1983.*
(Also reported in 342 N.W.2d 780.)

For the appellant the cause was submitted on the brief of *Samuel L. Brugger* of Madison.

For the petitioner-respondent the cause was submitted on the brief of *Sabina Bosshard* and *Bosshard, Sundet & Associates* of La Crosse.

Before Gartzke, P.J., Dykman, J. and Gordon Myse, Reserve Judge.

GORDON MYSE, Reserve Judge. This is an appeal from a judgment of divorce which incorporated a stipulation repudiated by one of the parties before trial. We reverse.

The parties entered into a stipulation to govern all aspects of their divorce. The stipulation was approved by the family court commissioner. Subsequently, appellant moved to set aside the stipulation. The trial court concluded the stipulation was not inequitable in its provisions for property division, the child support provisions were always subject to review and appellant was not coerced into the stipulation. A hearing was held on the petition for divorce before a different judge. That judge found the stipulation was fair and reasonable and rendered a judgment incorporating the stipulation and the original judge's findings. We conclude this was error.

A stipulation between the parties to a divorce action is only "a recommendation jointly made by them to the court suggesting what the judgment, if granted, is to provide." *Bliwas v. Bliwas,* 47 Wis. 2d 635, 638, 178 N.W. 2d 35, 37 (1970). "A stipulation or agreement amounting to no more than an understanding of what the parties desire and recommend to the court does not rise to the dignity of a contract." *Miner v. Miner,* 10 Wis. 2d 438, 444, 103 N.W.2d 4, 8 (1960).

The trial court relied on sec. 767.255(11), Stats., to deny appellant the right to withdraw her stipulation.[1] That section applies to contractual agreements between the parties. A stipulation in anticipation of a judgment of divorce is merely a noncontractual joint recommendation to the court.

The document the court considered was a stipulation in anticipation of divorce. There is no contention that it was a contract. It therefore did not bind appellant and she was free to withdraw from it until it was incorporated in the judgment.

The second judge understandably adopted the stipulation and included it in the judgment of divorce. As a result of appellant's repudiation, however, the stipulation no longer existed. In the absence of a stipulation, the matter should have been set for hearing as a contested divorce. We therefore remand this case for trial.

*By the Court.*—Reversed and remanded for proceedings consistent with this opinion.

---

[1] Section 767.255(11), Stats., provides:

Any written agreement made by the parties before or during the marriage concerning any arrangement for property distribution; such agreements shall be binding upon the court except that no such agreement shall be binding where the terms of the agreement are inequitable as to either party. The court shall presume any such agreement to be equitable as to both parties.