Edward MARKS, Plaintiff-Respondent,†

v.

Richard GOHLKE, Defendant-Appellant.

Court of Appeals

*No. 88–1666. Submitted on briefs January 3, 1989.—Decided March 28, 1989.*

(Also reported in 439 N.W.2d 157.)

† Petition to review denied.

For the appellant the cause was submitted on the brief of *Thomas W. Johnson* and *Johnson and Werner, S.C.,* of Waupaca.

For the respondent the cause was submitted on the brief of *William R. Wilde* and *Curtis-Wilde Law Offices,* of Oshkosh.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J.   Richard Gohlke appeals from an order denying his sec. (Rule) 806.07(1), Stats.,[1] motion for relief from a judgment. The issues are: (1) whether the sec. (Rule) 807.05, Stats.,[2] requirement that stipula-

---

[1]Section (Rule) 806.07(1), Stats., provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
> (a)   Mistake, inadvertence, surprise, or excusable neglect;
> . . . .

[2]Section (Rule) 807.05, Stats., provides:

> No agreement, stipulation, or consent between the parties or their attorneys, in respect to the proceedings in an action or special

tions be in writing is satisfied where a series of letters evidencing an oral agreement do not contain an essential element of the agreement; and (2) whether sec. 806.07(1) permits relief from a judgment entered upon such an agreement. We conclude that the settlement agreement is unenforceable and the judgment must be opened. We therefore reverse and remand for further proceedings.

On September 11, 1984, Marks began this action seeking a partnership accounting. About July 21, 1987, Gohlke's counsel accepted Marks' counsel's oral offer of settlement. The trial court concluded that a series of letters between the parties' attorneys and the court constituted a valid settlement agreement. However, none of the letters included any reference to the settlement amount. The court entered judgment based on the alleged settlement agreement. Gohlke moved for relief from the judgment under sec. (Rule) 806.07(1), Stats. The trial court denied Gohlke's motion and he appeals.

Marks contends that the series of letters is a valid settlement stipulation satisfying the writing requirement of sec. (Rule) 807.05, Stats. "The application of a statute to a particular set of facts is a question of law. We decide questions of law without deference to the trial court." *Weyenberg Shoe Mfg. Co. v. Seidl,* 140 Wis. 2d 373, 382, 410 N.W.2d 604, 608 (Ct. App. 1987). "A stipulation binds parties only to the terms actually agreed upon." *Rice v. Glad Hands, Inc.,* 750 F.2d 434, 438 (5th Cir. 1985). The letters of counsel do not

proceeding shall be binding unless made in court or during a proceeding conducted under s. 807.13 or 967.08 and entered in the minutes or recorded by the reporter, or made in writing and subscribed by the party to be bound thereby or the party's attorney.

indicate the agreed upon settlement amount, and therefore fail to satisfy the writing requirement of sec. 807.05.

In *Adelmeyer v. Wis. Elec. Power Co.,* 135 Wis. 2d 367, 372, 400 N.W.2d 473, 475 (Ct. App. 1986), we held that an oral agreement which does not comply with sec. (Rule) 807.05, Stats., is unenforceable. Therefore, though the trial court determined the amount of the settlement by taking testimony concerning the oral agreement of the parties' attorneys, that oral agreement is unenforceable. We are left with the letters, which we have concluded are inadequate to constitute an enforceable agreement of the parties.

Marks correctly points out that the proposed judgment of December 2, 1987 specified the amount of the parties' settlement agreement. However, agreements are made when they are made. In this case, the asserted agreement was made on or about July 21, 1987. Belated explanations of the terms of that agreement, here a proposed judgment enclosed in a letter dated December 2, 1987, are merely attempts to circumvent sec. (Rule) 807.05, Stats.[3] That rule was promulgated to prevent disputes such as the one before us. The only way to give sec. 807.05 meaning is to enforce its terms. *Adelmeyer,* 135 Wis. 2d at 372, 400 N.W.2d at 475. We have done so.

Marks contends that we will encourage dilatory behavior by refusing to enforce the oral agreement. We disagree. All parties need do to assure enforcement of their agreements is to put the agreements in writing, and sign the writing.

---

[3]We need not consider the effect of sec. (Rule) 807.05, Stats., on an agreement evidenced by nearly contemporaneous written communications. That fact situation is not before us.

Marks next argues that the trial court did not abuse its discretion by refusing to grant relief under sec. (Rule) 806.07, Stats. Motions under sec. 806.07 are directed to the sound discretion of the trial court. *Eau Claire County v. Employers Ins.,* 146 Wis. 2d 101, 109, 430 N.W.2d 579, 582 (Ct. App. 1988). "We emphasize, however, that such a standard does not vest the trial court with completely unfettered discretion. Discretion contemplates a process of reasoning based upon proper legal standards." *Id.*

The trial court did not consider granting judgment in the absence of the parties' stipulation because it concluded that the parties had entered a valid stipulation. Marks does not argue that the trial court could have entered judgment in the absence of a stipulation. The trial court entered judgment after concluding that sec. (Rule) 807.05, Stats., permitted it to do so. We have concluded that this was an error of law. Discretion exercised upon an erroneous view of the law constitutes an abuse of discretion. *Eau Claire County,* 146 Wis. 2d at 111, 430 N.W.2d at 583. The trial court therefore abused its discretion by refusing to grant Gohlke's sec. 806.07 motion.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.

GARTZKE, P.J. (*dissenting*). The majority correctly conclude that the letters between the attorneys for Marks and Gohlke were insufficient to create an enforceable stipulation between the parties under sec. 807.05, Stats. That conclusion does not affect the result. The court found as a fact that Gohlke authorized his attorney to settle for $5,578.75. That finding is

uncontested on appeal. That agreement was executed by entry of judgment and merged into the judgment. *Production Credit Ass'n v. Laufenberg,* 143 Wis. 2d 200, 205, 420 N.W.2d 778, 779 (Ct. App. 1988).

Section 807.05, Stats., is in the nature of a statute of frauds. *Adelmeyer v. Wis. Elec. Power Co.,* 135 Wis. 2d 367, 369, 400 N.W.2d 473, 475 (Ct. App. 1986). An executed agreement will not be set aside merely because before its execution it did not comply with the statute of frauds.