In re the Marriage of:

Karen M. Polakowski, Petitioner-Respondent,†

v.

John R. Polakowski, Respondent-Appellant.

Court of Appeals

*No. 02–1961–FT. Submitted on briefs November 11, 2002.—
Decided December 17, 2002.*

2003 WI App 20

(Also reported in 657 N.W.2d 102.)

† Petition to review denied 3-13-03.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Roger A. Glenn* and *Glenn, Hoff & Hoff, S.C.* of Appleton.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Jerome H. Block, Harvey G. Samson* and *Block, Seymour, Chudacoff, Samson & Liebzeit, S.C.* of Appleton.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. John Polakowski appeals an order denying his motion to enforce a stipulation for revision of maintenance payments.[1] After obtaining an order modifying his maintenance obligation, John and his ex-wife, Karen Polakowski, negotiated further revisions. Karen indicated through her attorney that she would accept the stipulation. Karen later changed her mind and withdrew her approval of the agreement. John asked the court to find the stipulation binding under Wis. Stat. § 807.05.[2] The trial court declined

---

[1] This is an expedited appeal under Wis. Stat. Rule 809.17.

[2] Wis. Stat. § 807.05 provides:

No agreement, stipulation, or consent between the parties or their attorneys, in respect to the proceedings in an action or special proceeding shall be binding unless made in court or during a proceeding conducted under s. 807.13 or 967.08 and entered in the minutes or recorded by the reporter, or made in writing and subscribed by the party to be bound thereby or the party's attorney.

All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

767

based on Karen's withdrawal of consent. Because the court correctly declined to enforce the stipulation, we affirm the order.

**Background**

■

¶ 2. John and Karen were divorced on April 14, 1999, after twenty-six years of marriage. Pursuant to a stipulation, the court ordered John to pay maintenance to Karen. In July 2001, John filed a motion for modification because Karen was living with another man with whom she was sharing expenses. The court commissioner denied the motion for modification, and John requested review by the trial court. The court subsequently modified John's maintenance obligation on January 25, 2002.

¶ 3. Following the modification order, John and Karen continued to negotiate further revisions to the maintenance order in lieu of John filing an appeal. Karen's attorney notified John's attorney in writing that Karen planned to accept John's proposed terms, but requested that John's attorney prepare and forward the stipulation. Before signing the stipulation and before John could obtain court approval, Karen withdrew her consent to the stipulation. Meanwhile, the time for John to appeal the January 25 order had expired.

¶ 4. John then filed a motion with the circuit for an order to enforce the stipulation the parties reached, citing Wis. Stat. § 807.05 as authority. The trial court, however, declined to grant the motion. John appeals.

**Analysis**

¶ 5. John characterizes the issue as whether it was error for the trial court to decline to enforce the

stipulation that Karen's attorney agreed to. Karen suggests the issue is whether the family court can enforce a stipulation when one party has withdrawn consent. The question we face is which statute applies —Wis. Stat. § 807.05 as John would like, or the provisions of Wis. Stat. ch. 767 for which Karen argues. This is a question of law we decide independently of the trial court. *Acharya v. Carroll*, 152 Wis. 2d 330, 335, 448 N.W.2d 275 (Ct. App. 1989).

¶ 6. John relies on Wis. Stat. § 807.05, a rule of civil procedure stating in relevant part: "No agreement, stipulation, or consent between the parties or their attorney . . . shall be binding unless . . . made in writing and subscribed by the party to be bound thereby or the party's attorney." John contends that because in a letter Karen's attorney told John's attorney that Karen would agree to the proposed stipulation, this statute applies and binds Karen to the stipulation.[3] We disagree.

¶ 7. Wisconsin Stat. § 801.01(2) states in part:

Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin except where different procedure is *prescribed by statute* or rule. (Emphasis added.)

Wisconsin Stat. ch. 767 governs actions affecting the

---

[3] John relies on *Marks v. Gohlke*, 149 Wis. 2d 750, 439 N.W.2d 157 (Ct. App. 1989), while Karen directs us to *Laska v. Laska*, 2002 WI App 132, 255 Wis. 2d 823, 646 N.W.2d 393. Neither of these cases is helpful because neither deals with any action affecting the family. *Marks* deals with issues surrounding a request for a partnership accounting. *Marks*, 149 Wis. 2d at 752. *Laska* involves a claim of wrongful interference with an inheritance. *Laska*, 2002 WI App at ¶ 3.

family. WISCONSIN STAT. § 767.10(1) states in relevant part: "The parties in an action for an annulment, divorce or legal separation may, subject to the approval of the court, stipulate for ... maintenance payments ...." WIS. STAT. § 767.10(1) states that in an action for divorce, parties making a stipulation for maintenance do so subject to the court's approval. We conclude that the specific language of § 767.10(1) controls stipulations in divorces; the more general language of WIS. STAT. § 807.05 does not. *See State v. Taylor*, 170 Wis. 2d 524, 529, 489 N.W.2d 664 (Ct. App. 1992).

¶ 8. John tries to avoid this result by arguing that his motion and the stipulation were brought after the final divorce judgment. He argues that WIS. STAT. ch. 767 applies only to the original divorce action; therefore, the stipulation he and Karen had was of a civil nature to be controlled by general rules of civil procedure. We conclude, however, that a stipulation for maintenance payments, even subsequent to a final divorce judgment, remains an action affecting the family subject to the rules of ch. 767.

¶ 9. In *Norman v. Norman*, 117 Wis. 2d 80, 81, 342 N.W.2d 780 (Ct. App. 1983), we held "[a] stipulation between the parties to a divorce action is only 'a joint recommendation by them to the court suggesting what the judgment, if granted, is to provide.'" *Id.* (citation omitted). We also concluded that such a stipulation does not rise to the level of the contract, leaving either party free to withdraw until the stipulation is incorporated into the judgment. *Id.* at 81–82. *Norman* implicitly rendered WIS. STAT. § 807.05 inapplicable to divorce actions without explaining why.

¶ 10. Our supreme court then decided *Van Boxtel v. Van Boxtel*, 2001 WI 40, 242 Wis. 2d 474, 625 N.W.2d 284. While *Van Boxtel* does not specifically explain the preclusion of Wis. Stat. § 807.05 by Wis. Stat. § 767.10(1), it clarifies why § 767.10(1) applies to stipulations in divorce actions.[4] The supreme court wrote:

> We conclude that any agreement regarding the division of property entered into between spouses after divorce proceedings have commenced is a stipulation under § 767.10(1) and is therefore subject to the approval of the court. This conclusion is dictated by the language of the statute, controlling precedent, and the public policy considerations implicated when divorcing spouses enter into agreements.

*Id.* at ¶ 14. The court noted Wis. Stat. § 767.255 governs the division of property and allows the trial court to consider a myriad of factors, including written agreements made before or during the marriage. *See* Wis. Stat. § 767.255(3)(L).

¶ 11. The petitioner in *Van Boxtel* argued that Wis. Stat. § 767.255(3)(L) applied broadly to agreements made during the marriage and would therefore include the agreement she sought to enforce. *Id.* at ¶ 17. However, the supreme court concluded that Wis. Stat. § 767.10(1) more specifically addressed agreements made *after a* divorce action was filed and was therefore the applicable statute. *Id.* The court concluded that all agreements entered into after a divorce is filed are stipulations subject to § 767.10(1). *Id.* at ¶ 20.

---

[4] *Van Boxtel* involved a property division agreement entered into after the divorce action was commenced. *See Van Boxtel v. Van Boxtel*, 2001 WI 40, ¶ 4–5, 242 Wis. 2d 474, 625 N.W.2d 284.

¶ 12. Likewise, WIS. STAT. § 767.26 governs a trial court's award of maintenance payments. The trial court may consider agreements made before or during the marriage regarding arrangements for financial support. WIS. STAT. § 767.26(8). However, because WIS. STAT. § 767.10(1), which allows stipulations for property division as in *Van Boxtel*, also allows stipulations for maintenance, we conclude that *Van Boxtel* applies to *all* stipulations made under § 767.10(1).[5] Thus, any agreement made after the divorce action is commenced must be approved by the court.

██

¶ 13. This resolves John's argument that the divorce has been completed, and therefore WIS. STAT. § 767.10(1) does not apply. An action to modify maintenance is an action affecting the family, WIS. STAT. § 767.02(1)(g) and (i), and actions affecting the family are governed by ch. 767. WIS. STAT. § 767.01. In an action to revise maintenance, the court retains the same authority it had in the original divorce action. WIS. STAT. § 767.32(1)(a). This necessarily includes the authority to approve or reject stipulations. Because a stipulation under § 767.10(1) is no more than an understanding of what the parties desire and recommend to the court, a party is free to withdraw from this recommendation until it is approved by the court. *See Van Boxtel*, 2001 WI 40 at ¶ 26. WISCONSIN STAT. § 807.05 cannot therefore be used to compel Karen's compliance.

---

[5] Under WIS. STAT. § 767.10(1), parties to an action for annulment, divorce, or legal separation may stipulate to property division, maintenance payments, child support, family support, or legal custody and physical placement.

¶ 14. John also argues that the court's refusal to enforce the stipulation based solely on Karen's withdrawal of consent was erroneous. However, "[t]he repudiation of consent to a stipulation by a party may render the stipulation non-existent. Thereafter, a court's refusal to incorporate it into the judgment cannot be said to be an erroneous exercise of discretion." *Id.* Thus, we cannot say the trial court erred when it refused to force Karen to honor the stipulation, even under WIS. STAT. § 767.10(1).[6]

*By the Court.*—Order affirmed.

---

[6] The parties also debate whether the stipulation was valid under WIS. STAT. § 807.05. Because we conclude that the statute does not apply, we need not address this issue further. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938).

Karen has asked this court to award her costs for a frivolous appeal. We decline to conclude that the entire appeal was meritless. The motion for costs is denied.