COURT OF APPEALS
DECISION
DATED AND FILED

April 28, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP895**

STATE OF WISCONSIN

Cir. Ct. No. **2021SC11399**

IN COURT OF APPEALS
DISTRICT I

CATHERINE F. CONWAY,

  PLAINTIFF-APPELLANT,

 V.

DOUGLAS H. FRAZER, ELIZABETH AELION, SCOTT BOTCHER AND KELLY MEYER,

  DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Milwaukee County: J.D. WATTS, Judge. *Affirmed.*

¶1  GEENEN, J.[1]  Catherine F. Conway, pro se, appeals the circuit court's order dismissing with prejudice her claims against Douglas H. Frazer,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

Elizabeth Aelion, Scott Botcher, and Kelly Meyer, members of the Village of Fox Point (the "Village") Board of Review. Conway also appeals various non-final orders of the circuit court denying motions she brought during the pendency of the case. Although Conway admits that her claims were resolved by a valid Settlement Agreement and Release ("Release"), she alleges that the agreement was breached when an insurance company issued the settlement check. She also contends that her claim for statutory sanctions against Frazer, Aelion, Botcher, and Meyer (collectively, "Board Members") was not resolved by the Release. Because we conclude that there was no breach of the agreement, we affirm the circuit court's order enforcing the Release, denying Conway's motions, and dismissing the case with prejudice.

## BACKGROUND

¶2 This appeal arises from Conway's challenge to the Village's assessment of her property. The Village's Board of Review sustained the assessment by a vote of four board members (i.e., the respondent Board Members) to two, finding that Conway failed to overcome the presumption of correctness that attaches to a municipal assessor's valuation of property. Conway then sought review from the Wisconsin Department of Revenue ("DOR"), which issued an order reducing the assessed value by almost $100,000.

¶3 After DOR's reassessment, Conway contacted the Board of Review and the Village Attorney, seeking payment pursuant to WIS. STAT. § 70.503 for losses Conway incurred due to the Board Members' alleged violation of WIS. STAT. § 70.502. Specifically, Conway claimed that the Board Members, by voting to uphold the assessment, acted with intentional disregard for her rights, violating their statutory duty described in § 70.502; she sought damages under the civil

2

liability provision at § 70.503. After the Village Attorney denied the claims, Conway filed suit in small claims court against the Board Members.

¶4 Several years of litigation followed, including an appeal and remand to circuit court, and multiple summary judgment motions. Conway also filed motions for reconsideration of any adverse rulings, motions to disqualify the Board Members' lawyers, and motions for sanctions; all were denied.

¶5 The parties were then ordered to mediate Conway's claims. After negotiation, discussion, and revisions to the terms, the parties reached an agreement and executed the Release.

¶6 The Release explained that the parties' purpose in entering that agreement was to "[a]void the costs and burdens of protracted litigation including an appeal," and to "[d]ischarge all claims against [Board Members] which are the subject of the Complaint[.]" To facilitate this goal, the Board Members would make a settlement payment to Conway for the damages she sought, with interest. The Release noted that Board Member Aelion, also Village Trustee, and Board Member Botcher, the Village Manager, would not participate in deciding whether any Village assets, including insurance contracts, would be used to make payment to Conway. In exchange for the settlement payment, Conway agreed to "completely release[] and discharge[] [Board Members] from the claim for damages set forth in the Complaint. This Release is a full and final disposition of all claims, demands, and causes of action of every kind and nature against the [Board Members]." The Release specified that Conway was waiving any and all claims and the right to recovery beyond what was specified in the Release:

> The Releasing Party fully and forever releases, waives, dismisses, surrenders and discharges the Released Parties from any and all claims, complaints, demands, liabilities,

3

grievances, rights of action and damages whatsoever in law or equity … asserted or could have been asserted, arising out of, based upon, or in any way connected with the Releasing Party's claims against the Released Parties. This release is intended to be construed broadly and includes but is not limited to, any and all claims under state or federal law (common law or statutory), for compensatory and/or punitive damages, pain and suffering, compensation or other benefits, interest, liquidated damages, penalties, costs and disbursements, attorney's fees, statutory damage awards or statutory indemnification, as well as any other element of recovery arising out of or related to the Releasing Party's claims or all other damages of whatever kind or nature … arising out of the incident above.

¶7 Conway filed a notice with the circuit court acknowledging that she executed the Release.

¶8 A few days later, Conway received a settlement check from the Village's insurer, League of Wisconsin Municipalities Mutual Insurance ("LWMMI"), for the agreed-upon value. After receiving the check, however, Conway wrote "void" on the check and sent it to the Village with a letter explaining that she believed LWMMI could not issue the settlement check to her because neither the Village nor LWMMI was "obligated to defend or pay the claim" against the Board Members. She also refused to stipulate to the dismissal of the case, claiming the Board members were "jointly and severally" liable for the settlement payment and therefore were in default. She alleged that dismissal of her claim was improper due to conflicts of interest, and because she believed at least some of the Board Members, as well as the Village Attorney, a non-party, violated their duties as public officials related to her property assessment. Conway also asserted that the Release only settled her claim under WIS. STAT. § 70.503, and did not affect her WIS. STAT. § 70.502 claim.

¶9    Conway wrote to the court, raising these same issues. She asked the court to enter judgment and impose sanctions against the Board Members accordingly. She also asked the court to disqualify the Board Members' counsel due to claimed conflicts of interest, renewing a motion that the court previously denied.

¶10   The Village moved to enforce the Release in order to dismiss the case and Conway's motions.

¶11   The circuit court conducted a hearing on the parties' motions. The record on appeal does not contain the transcript from that hearing; however the docket entry reflects that:

> Based on discussions held court finds that [WIS. STAT. §] 807.05 does apply and ENFORCES settlement agreement and release—release is final and binding. Plaintiff agrees to accept receipt of check as originally tendered, [Board Members] to re-send to Plaintiff. Parties are release[d] from all claims, as stated on record….
>
> Court orders matter dismissed by stipulation to settlement agreement—Court denies Plaintiff's motion for sanctions as moot[.]

LMWWI reissued the settlement check to Conway, and the action was dismissed.

¶12   Conway appeals.

## DISCUSSION

¶13   On appeal, Conway challenges the dismissal of her case with prejudice and various non-final prior orders denying her motions for summary judgment, sanctions, and to disqualify Board Members' counsel due to claimed conflicts of interest. While Conway primarily rehashes her allegations of wrongdoing by the Board Members and their lawyers, the crux of the dispute on

appeal is not those allegations, but whether Conway is entitled to maintain any of her claims in light of the settlement agreement provisions under which she released all claims she made in, or relating to, her complaint. Conway alleges that she may maintain her claims because the Board Members breached the terms of the Release since they, personally, did not advance the funds for the settlement payment that she received. It also appears that Conway contends that important governmental interests justify putting aside the Release in order to sanction the Board Members, their counsel, and various non-parties under the Rules of Professional Conduct that apply to Wisconsin lawyers and the rules of civil procedure.

¶14    The Board Members respond that there was no breach. The Release broadly released all of Conway's claims arising out of her property assessment and the subsequent challenge of that assessment. The Board Members further argue that, because Conway admits the Release was valid, all of her claims are barred or mooted by the specific release provisions in the agreement, including her claim for statutory sanctions against the Board Members. We agree.

¶15    Whether a settlement agreement is binding and enforceable is a question of law. *Waite v. Easton-White Creek Lions, Inc.*, 2006 WI App 19, ¶5, 289 Wis. 2d 100, 709 N.W.2d 88. Resolution of the issues requires a court to "interpret and apply WIS. STAT. § 807.05 to the facts" before it. *Waite*, 289 Wis. 2d 100, ¶5. Under § 807.05, an agreement is enforceable if (1) it is in writing and (2) it is subscribed by the party to be bound, or his or her attorney. *Marks v. Gohlke*, 149 Wis. 2d 750, 753, 439 N.W.2d 157 (Ct. App. 1989). If there is an enforceable agreement, we interpret its provisions consistent with principles of contract interpretation, and we review the circuit court's conclusions de novo. *American Nat. Prop. & Cas. Co. v. Nersesian*, 2004 WI App 215, ¶14, 277

Wis. 2d 430, 689 N.W.2d 922 (holding that "a settlement agreement is a contract and is governed by the traditional requirements for contracts…. Accordingly, the interpretation of a settlement agreement is a question of law reviewed independent of the circuit court").

¶16 The Release is in writing and was signed by Conway and each of the Board Members, and Conway explicitly states in her brief that she "does not dispute that the parties' Settlement Agreement is valid and that she accepted the agreement. Furthermore, she acknowledges that … she received a check from LWMMI … for the amount agreed upon by the parties." We accept Conway's admission that the Release is valid and enforceable and that she received the settlement payment, and we conclude that the circuit court correctly determined that the Release is binding and enforceable.

¶17 We therefore turn to Conway's claim that the Board Members breached the terms of the Release because LWMMI and not the members, personally, advanced the funds for the settlement payment, and that LWMMI "is not an insurer for any of the [Board Members]." Conway's argument is conclusory. She asserts that LWMMI does not provide coverage for the Board Members or the acts at issue, but identifies no support in the record nor any legal authority that suggests LWMMI's role in issuing payment is improper, or even relevant. We do not consider undeveloped arguments, *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633, and we do not develop a party's arguments, *Doe 1 v. Madison Metro. Sch. Dist.*, 2022 WI 65, ¶35, 403 Wis. 2d 369, 976 N.W.2d 584. Although pro se litigants are granted some leniency by courts, a reviewing court has no duty to walk pro se litigants through the procedural requirements or to point them to the proper substantive law. *Waushara Cnty. v. Graf*, 166 Wis. 2d

442, 452, 480 N.W.2d 16 (1992). We therefore reject Conway's argument that Board Members breached the terms of the Release.

¶18 Conway next alleges that the circuit court erred as a matter of law when it dismissed the case and her then-pending motions after finding that the Release "results in the release of all claims [and] the disposition of this action and renders this case moot[.]" To resolve this claim, we consider the parties' intentions as to the scope of the Release by giving contract terms their plain or ordinary meaning. *Huml v. Vlazny*, 2006 WI 87, ¶52, 293 Wis. 2d 169, 716 N.W.2d 807. If the contract is unambiguous, consideration of extrinsic evidence is not warranted. *Id.*

¶19 The Release makes clear that the parties agreed that the Release be construed broadly to resolve the litigation, in its entirety, and to prevent appeals, collateral litigation, and any renewed or new claims that may arise from the same set of facts. Accordingly, Conway is not entitled to litigate whether intentional conduct occurred under WIS. STAT. § 70.502 for the purpose of seeking sanctions. If Conway wanted a verdict on that claim, she was required to proceed to trial or to summary judgment. She did not and, instead, agreed to the Release in which she expressly agreed to release all claims against the Board Members arising out of the property assessment dispute. Conway also agreed to release the claims that the Board Members violated § 70.502. Conway does not explain how any claim she made in her complaint survives the Release, which very clearly states that the parties wished to "[d]ischarge all claims against [Respondents] which are subject of the [c]omplaint[.]"

¶20 While Conway states that she has no authority from the State to waive the fine described in WIS. STAT. § 70.502 and argues that the circuit court

had a "duty to enforce" the statute, neither argument is sufficiently developed. Conway does not identify the source of, nor provide legal support for, her claim that the State's involvement is required or that the circuit court has an independent duty to sanction the Board Members in the absence of any factual determination that sanctionable conduct occurred. We do not consider undeveloped arguments, *Pettit*, 171 Wis. 2d at 647, and therefore conclude that Conway released all of her claims pursuant to the Release.

¶21 Because Conway released all of her claims relating to WIS. STAT. §§ 70.502 and 70.503 under the Release, she has no basis upon which to challenge the merits of the non-final orders she appeals. By agreeing to and executing the Release, Conway waived the right to challenge the factual and legal errors she raises on appeal. As a general rule, a party who receives a benefit under the terms of a settlement is not permitted to carry on his or her warfare by an appeal that would undermine the purpose of the settlement—here, to resolve the case without further litigation or appeal. *Wyandotte Chem. Corp. v. Royal Elec. Mfg. Co., Inc.*, 66 Wis. 2d 577, 656-57, 225 N.W.2d 648 (1975).

¶22 While Conway claims that the circuit court erred in finding those various matters moot, her argument is conclusory and undeveloped. She does not identify the standard of review or legal framework that applies to mootness and offers no legal authority in support of her cause. Because Conway fails to

adequately develop her argument that the circuit court's mootness determination was erroneous, we reject it.[2]

## CONCLUSION

¶23    Because the Release is a valid settlement agreement and it bars Conway from maintaining claims related to the dispute of her property assessment that is the subject of the complaint, we conclude that the circuit court did not err when it dismissed this case with prejudice and dismissed Conway's motions as moot.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] Conway's various motions sought relief including 1) the disqualification of Board Members' counsel and 2) requiring counsel to withdraw years-old pleadings that she believes were frivolous, despite the case's dismissal. The case was dismissed, the matter is closed. Resolution of the claims—other than expending judicial and party resources—would have no effect on the outcome of this case, which was resolved by settlement. The claims are therefore moot.